UNITED STATES *ex rel.* UNITED STATES ATTORNEY *v.* 9 CASKS & PACK-
AGES OF DISTILLED SPIRITS.

SAME *v.* 64 CASKS & PACKAGES OF DISTILLED SPIRITS.

(*District Court, E. D. Missouri, E. D.*   April 9, 1892.)

Nos. 3,499, 3,500.

1. INTERNAL REVENUE—VIOLATION OF LAWS—DISTILLED SPIRITS—WAREHOUSE STAMPS
AND INSPECTION MARK.
Under Rev. St. § 3289, declaring a forfeiture of any cask or package containing
more than five gallons of distilled spirits, when found without having thereon "each
mark and stamp required by law," such a package is forfeited when found bearing
a distillery warehouse stamp and an inspection mark, neither of which have any
date; for section 3287 requires each warehouse stamp to bear the date of the re-
ceipt of the package into the warehouse, and the regulations promulgated by the
commissioner of internal revenue require the inspection brand to show the date of
inspection.

2. SAME—INFORMATION.
If the dates have been removed through accidental causes, their absence is no
ground of forfeiture, but, as the statute does not in terms contain any exceptions,
this fact need not be negatived by the information; it is matter of defense to be
set up by the claimant.

3. SAME—CHANGING CONTENTS OF PACKAGE.
Under Rev. St. § 3455. a person cannot buy a package containing distilled spirits,
already stamped and branded, and take out the contents and put in other distilled
spirits of a lower proof, without rendering the property subject to forfeiture, al-
though the other spirits have paid the tax; and this result follows irrespective of
any intent to defraud any private person. But no forfeiture would take place if
the proof was reduced by natural causes, or by the addition of water.

At Law.   Information for the forfeiture of certain casks and packages
of distilled liquors.   Demurrer overruled.
*George D. Reynolds,* U. S. Atty.
*Hough & Hough,* for claimants.

THAYER, District Judge, (*orally.*)   In this case (No. 3,500) the first
paragraph of the second article of the information charges that the pack-
ages and barrels referred to in the preceding article were found in casks or
packages containing more than five gallons without having thereon each
mark and stamp required by the internal revenue laws of the United
States; nor did any of said casks and packages in which said spirits were
found and contained then have thereon the United States internal rev-
enue distillery warehouse stamp, containing the date of the receipt into
the distillery warehouse, nor the United States internal revenue inspec-
tion mark, containing the date of the inspection thereof by the United
States gauger at the time of the original inspection,—contrary to the
statutes of the United States, etc.

If there is any uncertainty in the language employed, the article must
be construed most strongly against the pleader.   I think the second ar-
ticle is uncertain, and therefore construe it most favorably for the de-
fendant and most strongly against the pleader.   I hold the substance
of the charge to be this:   That the packages and barrels do not bear
the marks and stamps required by law, in that the warehouse stamps

are without date, and that the inspection marks are also without date. The question to be determined is whether the fact that the warehouse stamps and the inspection stamps are without date renders the property liable to forfeiture under section 3289, which declares a forfeiture when any cask or package containing more than five gallons is found, without having thereon "each mark and stamp required by law." It is the opinion of the court that a distillery warehouse stamp which does not bear any date is not such a stamp as is required by law; it also holds that an inspection mark that is without date is not such a stamp as is required by law. Section 3287 requires the distillery warehouse stamp to contain—*First*, the signature of the collector; *second*, the signatures of the storekeeper and gauger; *third*, the number of proof gallons; *fourth*, the name of the distiller; *fifth*, the date of the receipt of the package into the warehouse; and, *sixth*, the serial number of the stamp. The regulations promulgated by the commissioner of internal revenue further require that the inspection brand or mark shall show—*First*, the serial number of the barrel; *second*, the serial number of the distillery warehouse stamp; and, *third*, the date of inspection. It cannot be said that a warehouse stamp or an inspection mark which fails to show any of the facts that the law requires it to disclose is nevertheless such a stamp as is required by law. If the court declares that a warehouse stamp is a stamp required by law although it does not contain any date, then, on the same principle, it might say that it was such a stamp as the law requires, though it does not bear the signature of the collector, or the signature of the storekeeper or gauger, or if it failed to show the serial number. In the case referred to by counsel (*Three Packages of Distilled Spirits*, 14 Fed. Rep. 569) the question was whether the packages of spirits were subject to forfeiture because the proof of the liquor was below what was indicated by the marks upon the barrels, it appearing that the proof had been reduced, not by putting in other spirits, but by the addition of water. It was held in that case that they were not. But that was an entirely different case from this. The stamps and inspection marks were in due form. The fault was simply in the proof, which had fallen off somewhat after inspection. But here the information shows that the stamps on the packages (that is, the distillery warehouse stamp and inspection mark) were not such marks as the law plainly requires. The first paragraph of the second article of the information, in my judgment, is good and sufficient.

The second paragraph of the second article of the information charges that the claimant had purchased and received certain packages of liquor, stamped, branded, and marked so as to show that the contents thereof were distilled spirits of a certain proof, which had before then been duly inspected by an officer of the internal revenue; and that he afterwards, and before the seizure of such casks and packages, sold them, the packages when sold containing something else than the contents that were in the packages when they were stamped, branded, and marked, to wit, other distilled spirits of a different and lower proof and quality, with intent to defraud, etc. The plain import of the language is that the

claimant received packages of spirits that were stamped, branded, and marked so as to indicate that they had spirits of one proof and quality, and that before he sold them he had put into the packages other distilled spirits of a lower proof and inferior quality. If that is the fact, the packages and contents are subject to forfeiture under section 3455, irrespective of the question whether that section has reference to frauds upon private individuals. Without any consideration of that question the third count of the information states a good cause of forfeiture under section 3455. A person cannot buy a package that contains distilled spirits, already stamped and branded, and remove the contents, and put in other distilled spirits, although the other spirits may have paid the tax,—without rendering the property subject to forfeiture. The third article of the information, as I construe it, alleges that the claimant has done that particular act. To avoid any misconception, I will say that if the fact is that the other distilled spirits referred to in the third article as having been in the packages when sold were the same spirits that were in the barrels when the inspection took place, and the proof had been reduced by natural causes, or by the addition of water, then I should hold that a forfeiture was not incurred. Congress was legislating for the protection of the revenue, and to prevent the commission of acts that would render it easy to perpetrate frauds on the revenue, when it enacted section 3455. A forfeiture is incurred under the fourth clause of that section when an act is done that is declared to be penal by the first or second paragraphs of that section. I think it is clear that the forfeiture declared by section 3455 (the fourth paragraph) is for doing an act made penal by the first and second clauses. By the first paragraph a penalty is imposed—*First*, for selling, giving away, purchasing, or receiving an empty package, barrel, etc., bearing a government brand or stamp, indicating that the contents have been inspected, or that the revenue laws have been complied with; and, *second*, for giving away, selling, purchasing, or receiving packages thus branded or stamped, which contain different contents than they had in them when branded or inspected. By the second paragraph of the same section the penalty is imposed on one who makes, manufactures, or produces any box, barrel, etc., and stamps or brands the same with a government stamp, or who so stamps or brands a box or package which some one else has made. The purpose is evident, to prevent persons from making, dealing in, or even handling, a class of articles so branded or stamped that they can be used in fraud of the government as receptacles to disseminate articles on which the government levies a tax; and, second, to prevent them from putting into such receptacles a product which has not paid the tax. It follows that the demurrer is not tenable as to either article of the information.

*Mr. Reynolds.* As a matter of keeping the record straight, if your honor will allow me, with Mr. Hough's consent, as you refer to the articles as numbered, will you please let me mark on the paragraphs 'Paragraph 1,' 'Paragraph 2,'—let it be corrected in that way. (It was done as requested.)

*Mr. Hough.* I did not hear the first part of the decision. Did I understand the court to rule that the spirits became forfeited if the date upon the distillery warehouse stamp and the date of the inspection mark were accidentally rubbed off, or became obliterated by lapse of time?

*The Court.* I intended to have referred to that. The court does not hold that, if the date on a distillery warehouse stamp is wanting for any accidental cause, as by being unintentionally rubbed out, or by having been obliterated by lapse of time, that that would render the package forfeitable; but it is not the duty of the government in pleading to negative facts of that description. If the claimant contends that dates have been obliterated by accidental causes, it is his business to bring that forward, either by plea, or the fact may be proven under a general denial. The statute does not contain any exceptions. It does not say that if a package is found without having upon it the requisite stamps, brands, etc., it becomes forfeited unless the brand or stamp has been removed through accident or mistake. If the statute contained that provision, it would be the duty of the pleader to negative the exception; but, as it does not, the pleading conforms to the statute, and is sufficient. If a mark has been removed through accidental causes, its absence is no ground of forfeiture. That is defensive matter, to be taken advantage of by plea or by a general denial. The government is not bound to negative the existence of such a fact.