United States v. Two Hundred Barrels of Whiskey.

1. Distilled spirits, owned by and found upon the premises of a rectifier or wholesale liquor-dealer, cannot be seized as forfeited to the United States, under sect. 96 of the "Act imposing taxes on distilled spirits," &c., approved July 20, 1868 (15 Stat. 164), because such rectifier or wholesale liquor-dealer has knowingly and wilfully neglected, omitted, or refused to cause packages of distilled spirits containing more than twenty gallons each, filled for shipment or sale on his premises, to be gauged, inspected, and stamped, in accordance with the provisions of sect. 25 of the same act.
2. The rules and regulations which the Commissioner of Internal Revenue is authorized by sect. 2 of that act (id. 125) to prescribe, may aid in carrying the law into execution; but they cannot change its positive provisions.

APPEAL from the Circuit Court of the United States for the District of Louisiana.

April 18, 1874, the property in controversy in this suit, said to be owned by one Karstendiek, was seized, as forfeited to the United States, by the collector of internal revenue for the first collection district of Louisiana; and it was at once libelled by the United States' attorney for Louisiana, who, on the twenty-seventh day of March, 1875, filed an amended libel, setting out the causes of seizure and forfeiture in these words, viz. : —

"For that the said Karstendiek, at the time and place of seizure of said property as aforesaid, being, and for more than six months prior thereto having been, a rectifier of distilled spirits, and, as such, having paid the special tax required by the statute of the United States, and being then and there on said premises engaged in and carrying on the business of rectifier as aforesaid, for and during the time and period aforesaid, did, on the fifth day of January, 1874, and at divers other times and dates during the period of six months aforesaid, the precise times and dates whereof are to the said attorney unknown, fill for shipment, sale, and delivery, on his said rectifying premises, a large number of casks, barrels, and packages with distilled spirits, the precise number whereof being to the said attorney unknown, each and every which said casks and packages, so filled as aforesaid, then and there did contain, respectively, more than twenty gallons of distilled spirits, and did then and there, as to each and all of said casks and packages aforesaid, wilfully and knowingly omit, neglect, and refuse to procure and cause, as by the statute of the said United States he was then and there to do, in carrying on and conducting his said business of rectifier as afore-

said; a United States gauger to then and there gauge and inspect the said casks and packages, and to place thereon the stamps required by law, contrary to the form of the statute of the United States in such case made and provided, by reason whereof, and by force of the statutes of the United States in such case made and provided, all the said distilled spirits hereinbefore enumerated and described, found and seized at the time and place aforesaid, and so owned by the said Karstendiek aforesaid, at the time and under the circumstances aforesaid, became forfeited to the United States.

" For that the said Karstendiek, at the time and place of seizure of said property as aforesaid, being, and for more than six months prior thereto having been, a wholesale liquor-dealer as aforesaid, for and during the time and period aforesaid, did, on the fifth day of January, 1874, and at divers other times and dates during the period of six months aforesaid, the precise times and dates whereof are to the said attorney unknown, fill for shipment, sale, and delivery, on his said premises, a large number of casks, barrels, and packages with distilled spirits, the precise number whereof being to the said attorney unknown, each and every which said casks and packages, so filled as aforesaid, then and there did contain, respectively, more than twenty gallons of distilled spirits, and did then and there, as to each and all of said casks and packages aforesaid, wilfully and knowingly omit, neglect, and refuse to procure and cause, as by the statute of the said United States he was then and there to do, in carrying on and conducting his said business of wholesale liquor-dealer as aforesaid, a United States gauger then and there to gauge and inspect the said casks and packages, and to place thereon the stamps required by law, contrary to the form of the statute of the United States in such case made and provided, by reason whereof, and by force of the statutes of the United States in such case made and provided, all the said distilled spirits hereinbefore enumerated and described, found and seized at the time and place aforesaid, and so owned by the said Karstendiek aforesaid, at the time and under the circumstances aforesaid, became forfeited to the United States."

Twenty-five barrels of the whiskey seized were never the property of Karstendiek, but were claimed by and found to belong to other parties. All the claimants demurred to the information, upon the ground that neither count set forth or alleged any facts warranting the seizure or forfeiture of the liquors.

The demurrer was sustained and the information dismissed. The case was then brought here.

*Mr. Assistant Attorney-General Smith* for the United States.
*Mr. J. D. Rouse, contra.*

Mr. Chief Justice Waite delivered the opinion of the court.

This case presents the question, whether property owned by and found upon the premises of a rectifier or wholesale liquor-dealer can be seized as forfeited to the United States, under sect. 96 of the "Act imposing taxes on distilled spirits," &c., passed July 20, 1868, 15 Stat. 164, because such rectifier or wholesale liquor-dealer has knowingly and wilfully neglected, omitted, or refused to cause packages of distilled spirits containing more than twenty gallons each, filled for shipment or sale on his premises, to be gauged, inspected, and stamped, in accordance with the provisions of sect. 25 of the same act.

Sect. 25 provides, that whenever any cask or package of rectified spirits shall be filled for shipment, sale, or delivery on the premises of any rectifier who shall have paid the special tax required by law; it shall be the duty of a United States gauger to gauge and inspect the same, and place thereon an engraved stamp of a particular kind; and whenever any cask or package of distilled spirits shall be filled for the same purpose on the premises of any wholesale liquor-dealer, it shall be the duty of the United States gauger to gauge, inspect, and stamp the same in a like manner.

Sect. 96 provides, "that if any . . . rectifier or wholesale liquor-dealer . . . shall knowingly and wilfully omit, neglect, or refuse to do, or cause to be done, any of the things required by law to be done in the carrying on or conducting of his business, or shall do any thing by this act prohibited, if there be no specific penalty or punishment imposed by any other section for the neglecting, omitting, or refusing to do, or for the doing or causing to be done, the thing required or prohibited, he shall pay a penalty of $1,000, and . . . all distilled spirits or liquors owned by him, or in which he has any interest as owner, . . . shall be forfeited to the United States."

Sect. 57 provides, that "all distilled spirits found, after thirty days from the time this act takes effect, in any cask or package

containing five gallons or more, without having thereon each mark and stamp required therefor by this act, shall be forfeited to the United States."

Sect. 25 does not specifically impose the duty upon the rectifier or wholesale dealer of causing or procuring the filled casks to be gauged, inspected, or stamped. It is made the duty of the gauger to do the gauging, inspecting, and stamping, but not, in terms of the dealer, to cause it to be done. If there were nothing more, it would be clear that any omission of the rectifier or dealer to act in the matter would not be a cause of forfeiture. Sect. 96 was, however, undoubtedly intended to impose upon rectifiers and wholesale liquor-dealers the duty of doing, or causing to be done, every thing pertaining to their respective occupations which was necessary, in order to enable others acting under the law to do what was required of them. If they failed in this, and there was no other penalty provided for the neglect, they were subjected to the provisions of that section. If, however, by any other section a specific duty was imposed on them, which, if performed, would enable the other parties to act in the proper manner, and a penalty was prescribed for the omission to perform such duty, they were not to be proceeded against under sect. 96. It was not intended by Congress in that section to add to the already-existing penalties for an offence, but to provide for omitted cases only. The object evidently was to so contrive the machinery of the law that when one part was set in motion the res, must follow.

If, then, it is found that by some other section of the act a penalty is imposed upon the rectifier or wholesale dealer, as a consequence of the failure of the gauger to stamp the casks filled on his premises for shipment, sale, or delivery, it may fairly be presumed that this was the penalty he was to suffer for neglecting to procure the stamping to be done; for the gauging and inspecting, under the law, are only preliminary to the stamping. The only neglect he could be charged with under sect. 96 would be a failure to make known at the proper office that there were on his premises packages requiring the action of the gauger, under sect. 25. Now, sect. 57 provides, that if packages of distilled spirits are found on his premises containing five gallons or more each, which do not have upon

them each mark or stamp required by the law, they shall be forfeited. This, then, is a specific penalty provided for the failure to procure or cause the stamping to be done on packages of five gallons and upward; and it follows the packages wherever found. The unstamped packages in this case contained each twenty gallons or more.

It has been contended, however, that this special provision of sect. 57 applies only to distilled spirits on hand when the act of 1868 was passed. Such seems to have been the opinion of Judge Ballard, of the Kentucky district, as reported in the case of *United States* v. *Thirty-seven Barrels of Apple Brandy*, 11 Int. Rev. Rec. 136 ; but since that time, in 1871, Judge Lowell, of the Massachusetts district, has decided the other way. *United States* v. *Ninety-five Barrels of Distilled Spirits*, 14 id. 6. Judge Knowles, of the Rhode Island district, afterwards followed this ruling of Judge Lowell. *United States* v. *Thirty-four Barrels Distilled Spirits*, 13 id. 188. Other able district judges have decided that sect. 96 did apply to this class of omissions, but it nowhere appears from their opinions that their attention was called to the provision of sect. 57. *United States* v. *One Rectifying Establishment*, 11 id. 45, decided in 1869, in the northern district of Mississippi, and *United States* v. *One Hundred and Thirty-three Casks Distilled Spirits*, id. 191, decided not long after in the California district. The circuit judge in this case has decided in accordance with the opinions of Judges Lowell and Knowles, and held that sect. 57 did apply. The rulings of two commissioners of internal revenue are to the same effect, one dated Sept. 10, 1869, 10 id. 97, and the other, May 13, 1871, 13 id. 170 ; and it seems to us that this is the proper construction of the law. It is true that the clause referred to is found in a section of the statute which relates especially to spirits on hand when the law was passed ; but it is general in its terms, and broad enough to cover the case. As was well said by Judge Lowell in the case against ninety-five barrels of distilled spirits, " to limit the meaning will not only require us to read ' act ' as if it were ' section,' but to disregard ' each ; ' because there is but one particular stamp required by this section, and this would naturally be mentioned as the stamp required by the section,' or some such expres-

sion." And again, as is also said by the same judge, " It is proper and usual that the goods which are not stamped should be forfeited, and it is so provided in respect to cigars and tobacco, by sects. 70 and 90 ; but there is no provision for forfeiting unstamped spirits, unless it be the one in question."

The rules and regulation which the Commissioner of Internal Revenue is authorized by sect. 2 to prescribe cannot have the effect of bringing the case under the operation of the penalty provided in sect. 96, if it was already covered by sect. 57. The regulations of the department cannot have the effect of amending the law. They may aid in carrying the law as it exists into execution, but they cannot change its positive provisions. *Decree affirmed.*