## UNITED STATES *v.* THIRTY-TWO BARRELS OF DISTILLED SPIRITS.*

*(District Court, S. D. Ohio. November, 1880.)*

1. INTERNAL REVENUE LAW—WHOLESALE LIQUOR DEALER—CHANGE OF PACKAGE — ADDITION OF WATER.—The mere addition of water to packages of distilled spirits, upon which the tax had been fully paid, the wine and proof gallons therein having been by age reduced below the original gauge, is not a change of package requiring a wholesale liquor dealer's stamp to be placed thereon.

*In rem.* Action for forfeiture of distilled spirits. Trial to a jury. The evidence showed the addition of water to the spirits to have been about a gallon per barrel.

*Channing Richards,* U. S. Dist. Att'y, for plaintiff.

*Bateman & Harper,* for defendant.

SWING, D. J., (*charging jury.*) The 30 barrels of distilled spirits sought to be forfeited in this case were seized by Collector Kennedy, of the fourth Ohio district, as forfeited to the United States for the following causes: *First.* "That said distilled spirits were in certain casks and packages containing more than five gallons, *the said casks and packages not*

*Reported by Messrs. Florien Giauque and J. C. Harper, of the Cincinnati bar.

*having thereon each mark and stamp required by law,"* contrary to section 3289, U. S. Rev. St. *Second.* Some person then and there carrying on the business of a distiller and whole-sale liquor dealer did *"omit, neglect, and refuse to have gauged and inspected the said distilled spirits,"* said person having an interest therein as owner, etc., contrary to section 3456, U. S. Rev. St. (old section 96.)

Section 3323, U. S. Rev. St., requires that when there has been a change of packages there must be a re-inspection and gauging, and certain marks and brands placed thereon; and section 3321 requires a restamping. If packages which have been properly stamped and marked are withdrawn from the warehouse and taken to the wholesale dealer's establishment, and he desires to change them, or withdraw from one cask and put in a smaller one, or anything of that character, he is required to have a new and different stamp, in addition to that which had been previously put on, placed on such pack-ages by the officers of the government, and to have them remarked and branded. It is alleged in this case that these barrels had not the stamps and brands required by law, and therefore that they were forfeited.

If these spirits were originally properly gauged and stamped and marked, upon being withdrawn from the distillery and placed in these packages, and were passed over to the whole-sale liquor dealer's establishment—the claimant of this prop-erty being a distiller and also a wholesale liquor dealer—he had no right whatever to make any change in these packages by withdrawing from one package and placing in another, or by withdrawing from one package and adding to the quantity in another, or changing the quality of the proof of any pack-age. And if this case comes fairly within the provisions of the statute which required him to procure additional stamps from the collector, he would be guilty of a violation of the statute. The only question of law which is presented to be determined by the court is this: Provided a package had been properly stamped under the provisions of the law, and marked with the true original proof and wine gallons,—what-ever may be required to have been marked and stamped upon

it,—and it had stood for a length of time, and by evaporation the quantity had been decreased, has the wholesale liquor dealer, under the law, the right to add to it water? Is that such a change of the package as brings him within the inhibition of this statute?

A rectifier is one who changes liquors by adding to them or compounding them or rectifying them; and yet the courts have held, under the statute defining what a rectifier is, that the mere addition of water to his spirits would not make him a rectifier, or the mixing of certain spirits of the same character, if they were under a certain age, would not be rectification. 10 Int. Rev. Rec. 121; Bump's Int. Rev. Law, 217; Int. Rev. Manual, (1879,) p. 182. It seems to me that the mere addition of water to spirits which had been properly stamped and marked, and upon which the full tax had been paid, could not be regarded as such a change in the package of the spirits which were in the possession of the wholesale liquor dealer as would bring him within the inhibition of the statute. I fail to see what reason would induce the courts to bring such an act within the inhibition. It would take nothing from the government in any way whatever, and it would in no sense take from these spirits any element which would be necessary and essential for the government in tracing them from one point to another.

Witnesses have testified that the mere lapse of time has the effect to reduce the proof of spirits as well as the number of wine gallons, and, if this be the fact, the same difficulty in tracing the spirits would exist there that would arise by the addition of water. I therefore think that the mere addition of water would not bring the party within the inhibition of the statute.

Verdict for the defendant.