## THREE PACKAGES OF DISTILLED SPIRITS.

*(District Court, S. D. New York. December 20, 1882.)*

FORFEITURE—LIQUORS—STAMPS.

Where packages containing liquors have once been properly stamped and marked, and the proper duties paid thereon, and after a sale by a retail dealer of a portion of the contents the residue is diluted with water only, and still remains in the original packages, *held*, that such liquors are not liable to forfeiture, under section 3289 of the Revised Statutes, as "not having thereon each mark and stamp required therefor."

*S. L. Woodford* and *E. B. Hill*, for the United States.

*A. J. Dittenhoefer*, for claimant.

BROWN, D. J. This case was tried before me without a jury, by the consent of the parties, the following facts being admitted:

That the three packages of spirits seized had originally been properly stamped, and still remained in the original packages; that after a part had been drawn off and sold by the claimant, under a due license, he diluted what remained by addition of water to the casks, thus reducing the proof of the spirits. Being found in this condition, and showing a lower proof than the stamps upon the casks would indicate, they were seized by the United States officers for forfeiture, under section 3289 of the Revised Statutes, as not "having thereon each mark and stamp required therefor."

The sole question presented is, therefore, whether the mere addition of water, by a retail dealer, to a cask of spirits on which the United States duties have been once fully paid and properly stamped, renders them liable to forfeiture.

A case somewhat similar was tried before the late Judge SWING, in *U. S.* v. *Thirty-two Barrels, etc.*, 5 FED. REP. 188, in which he charged the jury "that the mere addition of water would not bring the party within the inhibition of the statute."

It is claimed on the part of the government that the various sections providing for stamps, which, under the regulations of the treasury department, must be in accord with the proof of the spirits, are designed to afford continuous means of identification of the spirits so long as any remains in the same cask, and thereby aid in the detection of frauds, and that this purpose would be defeated if the addition of water to a half empty cask were held to be legal; and that if liquors could be sold from casks not corresponding, as to their proof, with the original stamps, there would be no means of preventing further frauds by retail dealers, who, by putting into half emptied casks, first, water, and afterwards, as occasion might serve, spirits, upon which no duty at all had been paid, might thus baffle detection.

The argument is ingenious, but goes further, it seems to me, than the court is warranted in a construction of penal statutes. The addition of spirits on which no duty had been paid to a cask partly empty, would be an undoubted act of fraud, and is severely punishable under section 3326. The mere addition of water, however, is not a fraud,—at least, not upon the government; and upon the facts admitted in this case there has been no fraud, and no injury to the United States. It would be, it seems to me, a violation of the uniform rule requiring a strict construction of penal statutes, to hold that this unprohibited act, which it is conceded worked no injury to the government, should entail a forfeiture.

The suggestion that the stamp upon the cask must at all times correspond with the proof of the spirits within, as a means of identification, under pain of forfeiture, is argumentative only, and is not warranted by the statute. The law does not even require the proof to be specified or indicated by the stamp; and in the case above cited it was shown that the proof changes with age, so that packages rightly stamped originally would not, if long kept, exhibit a proof corresponding with the stamps   But, aside from this consideration, I think that section 3289 refers only to spirits on which the full and proper duties have never been paid, or proper stamps affixed. Its object is to secure to the government its dues, and to punish by forfeiture any dealings in spirits which are insufficiently stamped; not to forfeit spirits on which all the government claims have once been satisfied, nor to forfeit spirits on which the stamps appear to be more than were necessary. When the package has once had the proper marks and stamps affixed upon it, the requirements of that section are satisfied so long as no new spirits are put into the same package, and the stamps and package remain unchanged. If a wide divergence is found between the stamps and the spirit proof of the contents of the package, doubtless a presumption of some irregularity or fraud arises, which the dealer must explain; but when he has shown, as is admitted in this case, that the spirits remain in the original cask, that the duty has been fully paid, and that no different spirits have ever been put into it, but water only, I think he has shown that the original stamp is, in the language of section 3289, "the proper stamp and mark" for that cask and for those liquors, although since diluted with water.

The court is not authorized to give a broad and loose construction to a penal statute, so as to work a forfeiture, where no fraud or injury to the government is involved, merely that the government officers may be aided in the detection of frauds by other persons in other cases.

Had congress so intended, or had it designed that the stamp should not only indicate the proof when stamped, but continue to do so at all times subsequent, under pain of forfeiture, that intention would have been more plainly indicated in the express terms of the statute, and not left to rest merely upon ingenious argument and doubtful construction. The defendant should have judgment.