## UNITED STATES v. THREE BARRELS OF WHISKY.

(Circuit Court, E. D. North Carolina. December 9, 1896.)

INTERNAL REVENUE LAWS—STAMPS ON SPIRITS—FORFEITURES.

Merely tacking a piece of newspaper over the stamped end of a barrel of distilled spirits is no ground of forfeiture under the internal revenue laws (Rev. St. §§ 3289, 3322, 3445, 3456) and the regulations of the internal revenue department.

This was a libel of information to procure the forfeiture of three barrels of distilled spirits.

Charles B. Aycock, U. S. Dist. Atty.

Shepherd, Manning & Foushee, for claimant.

SEYMOUR, District Judge. The United States, by its district attorney, Mr. Charles B. Aycock, files a libel of information against three barrels of corn whisky which have been seized by a deputy collector for the Fourth collection district of North Carolina, and by said libel claims that such whisky has, for the causes alleged therein, become forfeited to the United States. One John S. Fowler, by his attorneys, Messrs. Shepherd, Manning & Foushee, intervenes, and files sworn answer to the information. It is alleged by the United States that the barrels of whisky in controversy did not have upon them the stamps required by law (Rev. St. § 3289), for that under the laws of the United States, and the regulations of the internal revenue department made in pursuance thereof, the stamps required by law to be placed upon barrels containing distilled spirits must be covered "only with transparent varnish, so that the stamps may be easily and readily seen by the officers whose duty it is to examine them, and nothing whatsoever is permitted on the stamp head of such barrels which will in any manner cover, obscure, or interfere with the stamps;" whereas the distiller who manufactured and shipped the whisky in question covered the stamp heads of the three barrels with a newspaper in such a manner as to cover and obscure the stamps and stamp heads, and they were so covered at the time of the seizure of said barrels. The claimant admits that the barrels in controversy were, at the time of seizure, "covered with a loose newspaper tacked upon each of them," which pieces of paper he says were placed upon them by the distiller to protect the stamps from being rubbed during transportation. So the controversy is as to whether the tacking of a piece of newspaper over the stamp head of a cask of whisky is, under the internal revenue laws, ground for its forfeiture. It is important, the revenue officers claim, that the stamps and numbers shall at all times be open to easy inspection, and in such condition that the marks and numbers may be copied by such officers with a view to the detection of the offense of reusing stamped casks. The question must, however, be determined by the internal revenue law, and a forfeiture cannot be enforced unless expressly authorized by law.

The statutes referred to by the attorney for the United States are sections 3289, 3322, 3445, and 3456 of the Revised Statutes. Sec-

tion 3289 provides that "all distilled spirits found in any cask
*  *  *  without having thereon each mark and stamp required
therefor by law shall be forfeited to the United States." Section
3322 requires that the stamps upon barrels of distilled liquor shall
"be affixed to a smooth surface of the" barrel, etc., and canceled,
and shall then be immediately covered with a coating of transparent
varnish or other substance, so as to protect them from removal or
damage by exposure; "and such affixing, concellation, and covering
shall be done in such manner as the commissioner of internal rev-
enue may by regulation prescribe." It does not appear that the
proper stamps have not been properly affixed, canceled, and cov-
ered with the required transparent coating. The libel states that
under the laws of the United States and the regulations of the inter-
nal revenue department the stamps must be covered only with trans-
parent varnish, and that nothing whatever is permitted on the stamp
head which will cover the stamps. No requirement of the kind
appears in section 3289 or section 3322, above cited. The allega-
tion in the libel that the barrels did not have on them the stamps
required by law is qualified by the negative pregnant immediately
following, which admits that the stamps were upon the barrels, but
advances the proposition that they were not the stamps required
by law, because covered as described. Section 3445 of the Revised
Statutes provides that the commissioner of internal revenue "may
prescribe such instruments or other means for attaching, protect-
ing, and canceling stamps" as he and the secretary of the treasury
shall approve; and section 3456 provides that if any distiller or
wholesale liquor dealer "shall knowingly or willfully omit, neglect,
or refuse to do  *  *  *  any of the things required by law in the
carrying on or conducting of his business,  *  *  *  all distilled
spirits or liquors owned by him  *  *  * shall be forfeited to the
United States." I have been unable to find any provisions of law,
other than the sections of the Revised Statutes above cited, which
are material to the matter in controversy. None of them make the
covering of barrel heads by pieces of paper, so as to obscure the
marks and stamps, illegal. Certainly, the tacking of a piece of pa-
per on the stamp heads of the barrels, so as to have the effect of
concealing the stamps, is not an "omission," "neglect," or "refusal."
But to work a forfeiture under section 3456 it must be made to ap-
pear that there has been a willful neglect to do something, or omis-
sion to do something, or a refusal to do something, required by law
in the process of carrying on or conducting the business referred to.
It is true, one of the things required to be done is covering the
stamps with a coating of some transparent substance, and that in
this case they have also been covered with a substance not transpar-
ent. The contention that covering the transparent substance with
something not transparent renders nugatory the purpose of the stat-
ute, and is equivalent to the omission of the covering with a coat of
transparent varnish required in section 3322, cannot prevail in the
interpretation of a statute imposing a forfeiture, and which sub-
stantially creates a criminal offense. U. S. v Eaton, 144 U. S. 687,
12 Sup. Ct. 764. The libel of information avers that the covering the

stamps as described is prohibited by regulation of the internal revenue department.    The regulation relied upon by the United States reads as follows: "The stamps, marks, and brands required by law and regulations to be applied to casks and packages of distilled spirits are designed to bear witness to the legality of the spirits which they cover, and they must not be obscured in any manner, or covered by encasing the vessel bearing the same in another, but must at all times be in such condition as to admit of ready examination by revenue officers." Regulations and Instructions Concerning the Tax on Distilled Spirits 1895, p. 116.    This regulation does not seem to me to apply to the case of a package temporarily covered by a newspaper.    If it could be so construed, I do not think it would be a regulation, the violation of which would work a forfeiture under section 3322 of the Revised Statutes.    A regulation cannot have the effect of amending or changing the law.    The province of the rules laid down by the treasury department in accordance with the statute authorizing them is to regulate the mode of proceeding to carry into effect what congress has enacted.    U. S. v. 200 Barrels of Whisky, 95 U. S. 571; Morrill v. Jones, 106 U. S. 466, 1 Sup. Ct. 423; U. S. v. Eaton, 144 U. S. 677, 12 Sup. Ct. 764.    In U. S. v. Eaton, supra, the defendant a wholesale dealer in oleomargarine, had failed to keep a book showing his purchases and sales of oleomargarine.    Dealers in that article were required to keep such a book, by the regulations made by the commissioner of internal revenue and approved by the secretary of the treasury.    It is provided by section 41 of the act of October 1, 1890, "that wholesale dealers in oleomargarine shall keep such books and render such returns in relation thereto as the commissioner of internal revenue, with the approval of the secretary of the treasury, may by regulation require."    By section 18 of the act of August 2, 1886, it is provided that if any dealer in oleomargarine, etc., shall neglect to do, etc., any of the things required by law in the carrying on or conducting his business, he shall, if a wholesale dealer, forfeit to the United States all the oleomargarine owned by him.    The supreme court, by Blatchford, J., held that while "regulations prescribed by the president and by the heads of departments, under authority granted by congress, may be regulations prescribed by law, so as lawfully to support acts done under them and in accordance with them, and may thus in a proper sense have the force of law," yet that "it does not follow that a thing required by them is a thing so required by law as to make the neglect to do the thing a criminal offense in a citizen, where a statute does not distinctly make the neglect in question a criminal offense."    To avoid any misapprehension of the scope of this opinion, I will add that the record does not present the case of a failure to affix, cancel, and cover the stamps on the three barrels of whisky in such manner as the commissioner of internal revenue may have by regulation prescribed, but, instead,—what I consider as a different matter, —the case of an additional, temporary, and removable covering, subsequently placed on the stamp heads, which in my opinion is not forbidden by statute, and therefore could not be made penal by any departmental regulation.