### UNITED STATES v. ONE PACKAGE OF DISTILLED SPIRITS.

(District Court, S. D. Illinois. April 4, 1898.)

1. INTERNAL REVENUE—POWER OF COMMISSIONER.

Rev. St. § 3249, which provides that the commissioner of internal revenue may prescribe rules and regulations to secure a uniform and correct system of inspection, weighing, marking, and gauging of spirits, does not empower the commissioner to require an additional mark upon a package of distilled spirits in the event of a reduction in proof or volume, so as to make the absence of it a forfeitable offense under Rev. St. § 3289, as not "having thereon such mark and stamp required therefor by law," where the statutes neither prohibit such reduction nor provide for any additional marks in the event it is so reduced.

2. SAME—EVIDENCE.

Mere evidence that the contents as to volume and proof does not conform to the volume and proof as marked on the package, without more, fails to make a prima facie case for seizure or forfeiture.

J. Otis Humphrey, U. S. Dist. Atty.

W. M. Hough, Stuart Brown, and Logan Hay, for claimant.

ALLEN, District Judge. A proceeding to forfeit a package of distilled spirits, under section 3289, Rev. St. U. S., as not "having thereon each mark and stamp required therefor by law." The package in question bore stamps and marks indicating that it was entered into bond December 23, 1891, containing 48 wine gallons of 100 per cent. proof; was withdrawn, and tax paid, April 2, 1896, containing $36\frac{1}{2}$ wine gallons of 107· proof; and, being gauged by a revenue officer at Cairo, Ill., in December, 1896, and found to contain $33\frac{1}{2}$ wine gallons of 101 per cent. proof, was seized for forfeiture. The plaintiff proved these facts, and introduced evidence tending further to show that the change between the condition of the spirits at the time of tax payment and its condition at the time of seizure could not have occurred from natural causes alone, but witnesses for the plaintiff testified on cross-examination that the change could have been occasioned by the addition of about two gallons of water, after allowing for an evaporation of about three gallons of spirits and a loss of a gallon and a half by leakage or removal. Plaintiff further introduced in evidence a regulation of the commissioner of internal revenue to the effect that distillers or wholesale liquor dealers may reduce to their original proof, by the addition of distilled water, such distilled spirits as have increased in proof in the distillery warehouse, provided they do so in the presence of a United States gauger, and put a mark upon the stamp head of the package, indicating that it had been so reduced. With the further evidence that no such mark appeared upon the cask in question, the plaintiff rested. Thereupon the claim-

ant demurred to the evidence, moved that the information be dismissed, and the package ordered released to him.   The demurrer raised the question whether evidence alone of a diminution in volume or proof of distilled spirits in a cask which had originally been properly tax paid, marked, and stamped, and which still retains all the original marks and stamps, is sufficient to make a prima facie case for forfeiture.

In quite a line of decisions the courts of the United States have held that the addition of water or sugar to a package of distilled spirits on which the tax has been properly paid (either of which will have the effect to reduce the proof of the spirits) is no violation of law, and does not work a forfeiture of the spirits.   U. S. v. Thirty-Two Barrels Distilled Spirits, 5 Fed. 188; Three Packages of Distilled Spirits, 14 Fed. 569; U. S. v. Bardenheier, 49 Fed. 846; U. S. v. Sixty-Four Packages of Distilled Spirits, 51 Fed. 191; U. S. v. Fourteen Packages Distilled Spirits, 14 C. C. A. 220, 66 Fed. 984. Witnesses have testified that there is a continuing variation in both the volume and proof of spirits, from the marks and stamps upon the package, resulting alone from evaporation and lapse of time.   In seeking a forfeiture, therefore, not upon direct evidence of an alleged act, but upon proof of a condition, a condition must be shown which could not have occurred by natural causes or by legal means; in other words, the government should negative every presumption of legality. The rules of evidence apply as well to the government as to other plaintiffs, with the exception that under certain conditions the burden is upon the claimant to prove that the tax has been paid on distilled spirits.   That burden was removed in this case by the allegations of the information on that point, and a condition once proven is presumed to continue until evidence to the contrary.   Since it was in evidence that the condition of the spirits at the time of seizure, as to volume and proof, might have been occasioned by means heretofore declared by the courts to be lawful, and all the original stamps and marks are still upon the package, no prima facie case was made, unless there is required by law some additional mark or stamp whenever the proof of spirits is so reduced as aforesaid.   The district attorney insists that the mark required by the regulation of the commissioner of internal revenue hereinbefore referred to is such a mark.   Section 3287, Rev. St. U. S., prescribes the marks and stamps which shall be placed upon a cask or package of distilled spirits at the time of manufacture and entry into the distillery warehouse, and section 3295 prescribes the stamps and marks which shall be placed upon the package at the time of its withdrawal and tax payment.   Section 3249 defines proof spirits, and the latter part of this section is relied upon by the district attorney as authority for the regulation of the commissioner above referred to.   It reads as follows:

"And for the prevention and detection of frauds by distillers of spirits, the commissioner of internal revenue may prescribe for use such hydrometers, saccharometers, weighing and gauging instruments, or other means for ascertaining the quantity, gravity and producing capacity of any mash, wort or beer used, or to be used, in the production of distilled spirits, and the strength and quality of spirits subject to tax, and he may deem necessary; and he may prescribe rules and regulations to secure a uniform and correct system of inspection, weighing, marking and gauging of spirits."

In the case of U. S. v. Two Hundred Barrels of Whisky, 95 U. S. 571, the supreme court of the United States held that the regulations of the department could not have the effect of amending the laws; that they might aid in carrying the law, as it exists, into execution, but they cannot change its positive provisions. In the case of U. S. v. Eaton, 144 U. S. 677, 12 Sup. Ct. 764, which was a proceeding based upon the regulation of the commissioner of internal revenue with respect to the sale of oleomargarine, the supreme court held that the department could not, by regulations, alter or amend a revenue law, and all the commissioner could do, under the authority conferred by statute, was to regulate the mode of carrying into effect what congress had indicated; and that it would be a very dangerous principle to hold that a thing prescribed by a commissioner of internal revenue as a needful regulation to carry into effect acts of congress could be construed as a thing "required by law" in such manner as to make a failure to observe such regulation a criminal offense. "Regulations prescribed by the president and by the heads of departments under authority granted by congress may be regulations prescribed by law, so as lawfully to support acts done under them and in accordance with them, and may thus have, in a proper sense, the force of law; but it does not follow that a thing required by them is a thing so required by law as to make the neglect to do the thing a criminal offense in a citizen, where a statute does not distinctly make the neglect in question a criminal offense." The doctrine announced in these cases was followed in the case of U. S. v. Three Barrels of Whisky, 77 Fed. 963, which was a suit for forfeiture based upon a regulation of the commissioner of internal revenue. It follows from the doctrine, well established by these cases, that, as congress has prescribed the marks and stamps which shall be put upon a package of distilled spirits at the time it is produced and tax paid, and neither prohibits the reduction in proof or volume of spirits in the original packages, nor provides for any additional marks in the event it is so reduced, the commissioner of internal revenue cannot, by regulation, require such additional mark, so as to make the absence of it a forfeitable offense under section 3289, Rev. St. U. S., as not "having thereon each mark and stamp required therefor by law." As the law, therefore, does not require any additional marks or stamps when the proof or volume of an original package of distilled spirits is reduced, either from natural causes or the addition of water, it follows that the original marks and stamps are still the proper marks and stamps for such a package; and mere evidence that the contents as to volume or proof does not conform to the volume or proof as marked on the package, without more, fails to make a prima facie case for seizure or forfeiture. The demurrer to the evidence is sustained, the information dismissed, and the package ordered to be released to the claimant.

The district attorney, at the time the ruling on the demurrer was announced, made a motion for a certificate of probable cause, which I have felt constrained to deny, since the granting of such a certificate would be utterly inconsistent with my ruling on the demurrer.