UNITED STATES v. THREE PACKAGES OF DISTILLED SPIRITS.

(District Court, E. D. Missouri, E. D. September 18, 1903.)

1. INTERNAL REVENUE—CHANGING CONTENTS OF PACKAGE—ADDITION OF COLORING MATTER TO DISTILLED SPIRITS.

The provision of Rev. St. § 3455 [U. S. Comp. St. 1901, p. 2279], which subjects to forfeiture every barrel, with its contents, which has been stamped or marked to show that the contents have been duly inspected or the internal revenue tax thereon has been paid, if such barrel contains "anything else" than the contents which were therein when said barrel was so stamped or marked, is plain and unambiguous, and must be literally construed. While the government would be estopped to claim a forfeiture of distilled spirits because of the addition of water thereto after the barrels or casks containing the same had been stamped, where the reduction was made in accordance with the regulation of the department permitting the same, such estoppel is not broader than the regulation, and the addition of a coloring matter to such spirits, such as caramel, is a violation of the statute, which subjects the liquor to forfeiture.

On Motion for New Trial.

David P. Dyer and Horace L. Dyer, United States Attys.
Warwick W. Hough, for claimants.

AMIDON, District Judge.    This is an information filed by the United States seeking the forfeiture of three packages of distilled spirits for an alleged violation of section 3455 of the Revised Statutes [U. S. Comp. St. 1901, p. 2279].    The evidence shows that the distilled spirits in question were produced in the state of Kentucky.    When they were withdrawn from the receiving cisterns at the distillery the casks in which they were stored were stamped in accordance with section 3287 [U. S. Comp. St. 1901, p. 2130], and at the time they were withdrawn from the warehouse the casks were further stamped in accordance with section 3294 [U. S. Comp. St. 1901, p. 2135].    The liquors were, therefore, what are known as two-stamp liquors.    Thereafter, under the regulation of the commissioner of internal revenue permitting such reduction, a quantity of water was added to the distilled spirits, whereby their proof was reduced from about 100 to 90.    This was done on the premises of a duly qualified wholesale liquor dealer, in the presence of a government gauger, who affixed to the cask the stamp required by said regulation.    It is charged by the government that after this was done a quantity of burnt sugar or caromel was surreptitiously added to the liquors, whereby the color was restored to what it was before the proof had been reduced, and thereafter the packages, with their contents, were sold.    It is this addition of burnt sugar or caromel, and the subsequent sale, which the government claims constitutes a violation of section 3455.    A demurrer was interposed to the information, and overruled.    At the close of all the evidence the claimant moved the court to direct the jury to return a verdict in its favor, which motion was denied, and thereafter a verdict was returned in favor of the government.    On the present motion for a new trial it is not contended by counsel for claimants that the evidence was not sufficient to require the submission of the case to the jury, but the position now taken is the same as that urged upon the demurrer and the motion for a directed verdict, namely, conceding that the charge of the government is proved, still the facts constitute no violation of law.

So far as I know, this is the first time that the precise question now raised has been presented to a court for determination.    A large number of cases have arisen under section 3289 of the Revised Statutes [U. S. Comp. St. 1901, p. 2132], and it is urged that those cases are decisive of the one at bar.    I do not so regard them.    Section 3289 reads: "All distilled spirits found in any cask or package containing five gallons or more without having thereon each mark and stamp required therefor by law shall be forfeited to the United States." Among the cases which have arisen under this section are Three Packages of Distilled Spirits (D. C.) 14 Fed. 569; United States v. Fourteen Packages of Whiskey (D. C.) 66 Fed. 984, 14 C. C. A. 220; United States v. One Package of Distilled Spirits (D. C.) 88 Fed. 856. An examination of these cases will show that the only point decided by

them was this: The only marks or stamps "required by law" are those specified in sections 3287 and 3295 [U. S. Comp. St. 1901, pp. 2130, 2135]. In each of the cases referred to those stamps were found upon the casks. It was claimed by the government that because the liquors at the time they were seized did not correspond as to proof with the stamps that they were therefore subject to forfeiture. The courts held that this was not the true construction of section 3289, but that the stamps mentioned were to speak as of the time they were affixed to the casks. At that time they spoke the truth. If the contents of the casks were thereafter changed either by natural causes or by artificial means, this change could not bring the liquors within the scope of section 3289. In the case of United States v. One Package of Distilled Spirits (D. C.) 88 Fed. 856, the same contention was made with respect to the regulations prescribed by the President and the heads of departments under section 3287; but the court there properly held that, while these departmental regulations could be made for the purpose of carrying existing laws into effect, a violation of such regulations could not be made by the regulations themselves a ground of forfeiture. The opinion in this last case contains the following statement: "In quite a line of decisions the courts of the United States have held that the addition of water or sugar to a package of distilled spirits on which the tax has been previously paid is no violation of law, and does not work a forfeiture of the spirits." This remark is purely obiter, and finds no support whatever so far as the addition of sugar is concerned in the authorities cited.

The only case in which section 3455 [U. S. Comp. St. 1901, p. 2279] has been brought under direct judicial consideration is United States v. Nine Casks of Distilled Spirits (D. C.) 51 Fed. 191. This case arose on a demurrer to an information which charged that the packages in question at the time they were sold contained "something else than the contents that were in the packages when they were stamped, to wit, other distilled spirits of a different and lower proof and quality." It was there held that this information charged an offense under section 3455. That was the only question decided, but the court further states, "to avoid any misconception," that the addition of water would not constitute a violation of this section. This remark is purely obiter, and the opinion contains no statement of the reasons for the holding. It is, however, susceptible of entire justification. I think it exceedingly doubtful whether the addition of water would not constitute a violation of section 3455 for reasons which I will explain later. But I do not think the government, after having promulgated a regulation authorizing the reduction of proof by the addition of water, could claim a forfeiture upon that ground.

The provisions of section 3455 which are pertinent to the present case read as follows:

"Whenever any person sells any barrels stamped, branded or marked in any way so as to show that the contents thereof have been duly inspected, or that the tax thereon has been paid, or that any provision of the internal revenue law has been complied with, said barrel being empty or containing anything else than the contents which were therein when said liquor had been so lawfully stamped, branded or marked by an officer of the revenue, he shall be liable," etc.

This clause of the law deals with two kinds of vessels: First, those that are empty, and it is made unlawful to sell any such vessel while it bears the government stamps or brands. That is the first feature. The second makes it unlawful to sell any vessel thus branded if it contains "anything else" than the contents which were therein when said liquors were lawfully stamped and branded. I should think that language too plain for construction, if the internal revenue department had not seen fit to promulgate the regulation above referred to. "Anything else" would include water or sugar or wine or whisky or coloring matter. It is as comprehensive as language can be made. But the internal revenue department, under the section giving it power to make rules and regulations, has seen fit to make a rule or regulation on this subject which permits the reduction of the proof of liquors by the addition of water after the stamps have been affixed. It was explained upon the argument of the present case that this rule was promulgated for the purpose of placing distillers in the United States and dealers in liquors distilled in the United States on an equality with persons handling the same kind of distilled spirits which were imported from foreign countries. Such imported liquors were not subject to the regulations of the internal revenue law. The importer or dealer in them was at liberty to treat them in whatever manner he saw fit. This led to serious complaints by American distillers and those handling liquors produced in this country. To meet that difficulty the regulation was made. The careful language in which it is framed, however, shows that the officers of the internal revenue appreciated the danger of its abuse, and threw about the permission granted every protection possible. The rule requires that such reduction of proof shall be made in the presence of a government gauger, either at a distillery or a government warehouse, or upon the premises of a duly qualified wholesale liquor dealer. Written application is required for permission to make the reduction, and the government gauger is directed to stencil upon the vessel his name and title, and between the name and title words and letters showing unmistakably the change that has been made.

I think it may be seriously doubted whether this regulation is valid. Of course, it is not if it is in conflict with section 3455. United States v. Two Hundred Barrels of Whiskey, 95 U. S. 571, 24 L. Ed. 491, and United States v. Eaton, 144 U. S. 677, 12 Sup. Ct. 764, 36 L. Ed. 591. But the government, having, through its officers in charge of the internal revenue, promulgated the regulation permitting the reduction, would be estopped to claim a forfeiture of liquors for an act done in conformity therewith. This was probably the ground of the remark of the court in 51 Fed. 191, "that the addition of water would not subject the liquors to forfeiture." The estoppel of the regulation, however, is not broader than the regulation itself. It does not permit the addition of anything except water, and cannot, therefore, be put forward as a justification for the addition of caromel or burnt sugar or other coloring matter.

It is said in many of the decisions to which reference has already been made that the primary object of the internal revenue law is to prevent frauds upon the revenue. That is no doubt true, but what

will best accomplish that purpose is a matter for legislative, not judicial, discretion. In the judgment of Congress there were many classes of acts which ought to be prohibited because of the possibility of their being done for the purpose of defrauding the revenue. These provisions of the statute were made not for the reason that none of the prohibited acts could be done without defrauding the revenue, but because some acts falling within the class would be done for that unlawful purpose. Now, in the trial of any given case, it would be no defense that no fraud upon the revenue was in fact intended or accomplished by a forbidden act. The courts are bound to enforce the law as it is written, and not to pare down its specific mandates by a consideration of the general purpose for which the law was adopted. The primary purpose of many of these regulations is to save the government from being brought to a trial of the question whether the intent was to defraud the revenue or whether any such result has been attained; for in the trial of such an issue all the knowledge and all the evidence is in the possession of the defendant, and whether his act in fact defrauded the revenue would be exceedingly difficult for the government to establish in court. The evidence in this case is persuasive on that subject. The record shows that chemists of national reputation were in direct conflict as to whether any sugar or caromel had in fact been added to the packages complained of. Now, if in addition to proving the fact that "something else" had been added to the package, the government was put to the proof of intent, and to the further proof that by the act complained of the revenue had been defrauded, an issue would be raised in which the government could rarely make out its case. The whole scheme of the internal revenue law contemplates that at every change that takes place in distilled spirits, except such as arise by natural causes, a government officer shall be present, and shall register upon the vessel containing the distilled spirits the change that is made, so that, as Judge Thayer well remarks, "the government can readily trace the origin and history of each cask, and thus prevent frauds upon the revenue." If changes could be made in the absence of the officer, and the owner of the distilled spirits could escape liability by proof of an honest intent, and that his act had in no way defrauded the revenue, it would be well-nigh impossible for the government ever to establish a case. Its only proof would be such as could be derived from a chemical analysis of the contents of the package, while the defendant would not only be permitted to resort to the same evidence, but could further add the direct and positive testimony of himself and his employés. It needs but a moment's consideration to see that an act coming within the terms of the statute could not be justified, though done with an honest intent and without any actual loss to the government. Take the very statute we are considering. If the owner of a vessel which had been used for distilled spirits, and which bore the stamps required by law, the same being empty, should sell it for the purpose of storing vinegar, the intent would be honest, and no fraud would be perpetrated upon the revenue, but no one would contend that the act would not constitute a violation of the first clause of this section. Learned counsel for claimants urges that the "anything else" referred to in the statute

must possess these qualities: (1) It must be something put in to be sold under the stamps; (2) the contents must be a different thing in its entirety; (3) it must be something subject to tax. Assume that the officers of the internal revenue have discovered a vessel containing distilled spirits which have been tampered with after the official stamps were affixed, and that in order to make out a case under section 3455 of the Revised Statutes the government will have to establish by a preponderance of the evidence that the substance which has been added to the distilled spirits possesses these attributes, or that the case of the government would be defeated by a claimant who could prove that the substance added did not possess all these elements, and it will be manifest at once that the statute would be rendered of no practical force or effect. As was said by the court in Michel v. Nunn (C. C.) 101 Fed. 423:

"If we begin to determine what sort of materials are meant, if we say that water and sugar, and blackberry juice, and orange juice, and lemon juice, are not materials within the sense of the act, the trouble is to find a stopping place, and show what will be a material within the meaning of the act."

If the government finds that the liquors have been altered by the addition of something else than was in the vessel at the time it was stamped and branded, how is it to prove that that something else is an article subject to the payment of an internal revenue tax? If we say that anything which is not subject to such tax may be introduced, then not only coloring matter, but any chemical compound which would affect either the taste or the appearance of the liquid, could be added, and in any given case it would be quite impossible to show whether that which was added was other distilled spirits or some chemical substitute. It is because of the difficulty of proving what has been put into the liquors, and because all the direct evidence in relation to the fraud, if a fraud is committed, would be in the control of the party who would profit by it, that Congress has wisely seen fit to forbid in unqualified terms the addition of anything, and it is impossible to find any practical criterion less absolute than the statute itself.

It is suggested by counsel for claimants that the internal revenue officers virtually repudiated the holding of the court in Michel v. Nunn (C. C.) 101 Fed. 423, because, after that case was decided, they permitted, by a regulation, the addition of burnt sugar to fruit brandy. This regulation, however, was made under the authority expressly conferred for that purpose by section 3255 of the Revised Statutes as amended by the act approved June 3, 1896, c. 309, 29 Stat. 195 [U. S. Comp. St. 1901, p. 2111].

The motion for new trial is therefore denied.