THREE PACKAGES OF DISTILLED SPIRITS v. UNITED STATES ex rel. WESTHUS, Collector of Internal Revenue.

(Circuit Court of Appeals, Eighth Circuit. April 4, 1904.)

No. 1,988.

**1. INTERNAL REVENUE—LIQUOR PACKAGES—CHANGING CONTENTS AFTER STAMP-ING—FORFEITURES—EVIDENCE.**

Where, on an information to forfeit certain liquors on the ground that distilled spirits of a different quality had been put into the barrels after they were originally stamped and branded, in violation of Rev. St. § 3455 [U. S. Comp. St. 1901, p. 2279], it was conceded that the claimant was entitled to reduce the proof by the addition of water, and the un-contradicted evidence showed that the spirits contained in the packages had been reduced in proof between 12 and 14 degrees, after they had been gauged and stamped, by the addition of water, in conformity with the law and in the presence of a government gauger, the discrepancy in the percentage of the alcohol contained in the liquor was insufficient to form a basis for an inference that the change was occasioned by the addition of "other spirits of a different quality."

**2. SAME—ISSUES—PROOF.**

Where an information for the forfeiture of certain packages of liquors alleged that, after the barrels had been inspected, gauged, and stamped, something else than the contents which were therein when said barrels and packages were so lawfully stamped, branded, and marked, to wit, distilled spirits of a different quality, had been placed therein, in viola-tion of Rev. St. § 3455 [U. S. Comp. St. 1901, p. 2279], evidence that at the time the proof of the liquors was reduced by the addition of water, after the packages had been stamped, some caramel coloring matter had been put into the packages to deepen the color, was not within the in-formation, and therefore inadmissible.

In Error to the District Court of the United States for the Eastern District of Missouri.

For opinion below, see 125 Fed. 52.

Warwick M. Hough (Jacob Klein, on the brief), for plaintiff in error.

David P. Dyer (Horace L. Dyer and Bert D. Nortoni, on the brief), for defendant in error.

Before SANBORN, THAYER, and HOOK, Circuit Judges.

THAYER, Circuit Judge. This is an information which was filed by the United States against three packages of distilled spirits to ob-tain a forfeiture of the same under section 3455 of the Revised Stat-utes of the United States [U. S. Comp. St. 1901, p. 2279]. The A.

Graf Distilling Company claimed the liquor and interposed a defense against the forfeiture. Section 3455 of the Revised Statutes of the United States, quoting only so much thereof as is essential, is as follows:

"Whenever any person sells, gives, purchases, or receives any box, barrel, bag, vessel, package, wrapper, cover, or envelope of any kind, stamped, branded, or marked in any way so as to show that the contents or intended contents thereof have been duly inspected, or that the tax thereon has been paid, or that any provision of the internal revenue laws has been complied with, whether such stamping, branding, or marking may have been a duly authorized act or may be false and counterfeit, or otherwise without authority of law, said box, barrel, bag, vessel, package, wrapper, cover, or envelope being empty, or containing anything else than the contents which were therein when said articles had been so lawfully stamped, branded, or marked by an officer of the revenue, he shall be liable to a penalty of not less than fifty nor more than five hundred dollars. * * * And all articles sold, given, purchased, received, made, manufactured, produced, branded, stamped, or marked in violation of the provisions of this section, and all their contents, shall be forfeited to the United States."

The information which was filed by the government alleged in the second article:

"That prior to the times of said seizure of said barrels and packages they and each of them had been purchased and received by A. Graf & Company, they then being stamped, branded, and marked so as to show that the contents thereof were distilled spirits of a certain proof, which had before then been duly inspected by an officer of the revenue, to wit, a United States gauger; that afterwards and before said seizure said barrels and packages and each of them, and the contents therein contained, were sold to divers persons, each of the barrels and packages at the time of the sale last aforesaid then containing things else than the contents which were therein when said barrels and packages were so lawfully stamped, branded, and marked by said officer of the revenue, to wit, distilled spirits of a different quality, in violation of section 3455 of the Revised Statutes of the United States, whereby and by force of said statute said barrels and packages and all the contents thereof became and are forfeited to the United States."

At the conclusion of the evidence the claimant below, who is the plaintiff in error here, requested the trial court to direct the jury to return a verdict in its favor, on the ground that there was no substantial evidence to sustain the charge which was contained in the information. This instruction was refused, whereupon the trial court, of its own motion, after reciting the substance of the statute as above quoted, charged the jury as follows:

"If he sells the barrel, the barrel having been branded or stamped by one of the revenue officers pursuant to law, and the barrel is empty, that is the first condition. Under those rules no one is permitted to sell the empty barrel containing this brand, because it may be used as an instrument for defrauding the government of its wealth. The second condition is that he may not sell it if it contains anything else at the time of the sale than the contents which were therein when said liquor had been lawfully stamped, branded, or marked. Now, it is claimed that after the gauger put his stamp on those casks, after the proof had been reduced, that between that time and the time when the claimant here, Mr. Graf, sold it, something had been put into those casks. If there was anything put in there other than water, then I charge you that you should find in favor of the government."

An exception was taken to the action of the court in both of the respects last stated, and these exceptions present the principal ques-

tions to be determined on appeal; the jury having returned a verdict in favor of the government.

It will be observed that the information alleged that the barrels and packages in question, when sold, contained "things else than the contents which were therein" when the packages and barrels were stamped and branded, "to wit, distilled spirits of a different quality." After a careful examination of the record we are of opinion that there was no substantial evidence offered by the government to sustain the allegation that distilled spirits of a different quality had been put into the barrels after they were originally stamped and branded. The testimony shows that the spirits which were contained in the three packages now in controversy were manufactured in Kentucky, where the packages were originally stamped and branded by a government gauger. They were subsequently sold by the distiller and transported to the city of St. Louis, Mo., where the proof was reduced by the addition of water. The proof was reduced by the addition of water from 102°, the original proof, to about 90°, or, as one witness says, to 88°. The government obtained samples of the spirits in their original condition from Kentucky, and caused them to be compared by experts with samples which were taken from the packages in controversy after the proof was reduced. The comparison thus made disclosed the presence of a larger percentage of alcohol in the sample which was obtained from Kentucky than in the sample which was taken from the other packages. The former sample contained 52.03 per cent. of alcohol, while the sample taken from the other packages contained 44.52 per cent. Because of this discrepancy, one of the government's witnesses said that the inference was that a part of the original contents of the casks had been withdrawn and other neutral spirits of a cheaper character substituted. This is the only evidence that we find in the record to sustain the allegation that "distilled spirits of a different quality" had been put into the barrels after they were originally stamped and branded. Now, in view of the admitted facts that the spirits contained in these packages had been reduced in proof after their removal to St. Louis by the addition of water, that the proof was so reduced in conformity with law and in the presence of a government gauger, and that by the addition of water the original proof had been reduced as much as 12° or 14°, we have not been able to conclude that the observed discrepancy in the percentage of alcohol formed a sufficient basis for an inference that the change was occasioned by the addition of other spirits of a different quality. It is conceded that the claimant had the right to reduce the proof by the addition of water. To that effect are the authorities, as well as the rulings of the Commissioner of Internal Revenue. United States v. Thirty-Two Barrels of Distilled Spirits (D. C.) 5 Fed. 188; Three Packages of Distilled Spirits (D. C.) 14 Fed. 569; United States v. Fourteen Packages of Whiskey, 66 Fed. 984, 14 C. C. A. 220; United States v. One Package of Distilled Spirits (D. C.) 88 Fed. 856; United States v. Bardenheier (D. C.) 49 Fed. 846. See, also, letter of the Commissioner of Internal Revenue of date August 8, 1900. The government offered no testimony tending to show that the reduction in the percentage of alcohol could not have been occasioned or was not

adequately accounted for by the addition of water in the manner above mentioned. The mere fact, therefore, that the proof of the spirits had been reduced so as to show a smaller percentage of alcohol, raised no presumption that it had been reduced by putting other spirits of a different quality into the packages, when the reduction could be as well accounted for by the doing of a lawful act, which had in fact been done; that is, by the addition of water. Under these circumstances, we think that there was no substantial evidence that other distilled spirits of a different quality had been introduced into the packages after they were originally stamped and inspected.

In the course of the trial considerable evidence was introduced having a tendency to show that, either at the time when the proof was reduced or subsequently, some caramel coloring matter had been put into the packages to deepen the color of the spirits; and the instruction which the trial court gave was to the effect that if anything whatever was put into the packages, other than water, they became subject to forfeiture. It is most probable, we think, that the jury found that caramel coloring matter had been introduced into the packages, and that they had become forfeited for that reason. This presents the question whether the information was sufficient to warrant a forfeiture on that ground. It did not allege that coloring matter had been put into the barrels after they were stamped, and pray for a decree of forfeiture for that reason, but did allege that the "something else" which had been added was "distilled spirits of a different quality" than those contained in the barrels when they were originally inspected and branded. This was the precise issue tendered by the information. Now, waiving the question whether, when one puts a substance like caramel coloring matter, on which the government does not levy a tax, into a barrel of distilled spirits, he thereby does an act which renders it forfeitable under section 3455 of the Revised Statutes, we think that such an act was not charged in the information, but an altogether different act, and that the government should be held to proof of the fact which it had alleged. In ordinary civil cases the rule is that the proof must conform to the allegations. In a civil suit a party is not permitted to state one cause of action and recover upon another, and there is greater reason why the rule should be enforced in the case in hand, because it is a proceeding of a quasi criminal nature to enforce a forfeiture of property. We feel constrained to hold, therefore, that under such an information as was filed the government was not entitled to a decree of forfeiture on the ground that caramel coloring matter had been put into the packages after they were stamped, and, as there was no substantial evidence to sustain the allegation that other distilled spirits had been put into the packages, we think that the claimant's peremptory instruction to find in its favor ought to have been given. The judgment of the lower court is accordingly reversed, and the case remanded for a new trial.