THE LONDON AND LANCASHIRE INSURANCE COMPANY, LTD., PETI-
TIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 73179.   Promulgated April 9, 1936.

*William H. Hotchkiss, Esq.*, and *John S. Breckinridge, Esq.*, for
the petitioner.

*T. M. Mather, Esq.*, for the respondent.

### OPINION.

SEAWELL: The Commissioner determined a deficiency of $5,123.91
for the calendar year 1930.   The facts have been either stipulated or
established by allegations in an amended petition which are admitted
in the answer thereto.

The petitioner is a foreign insurance company, incorporated under
the laws of Great Britain and Ireland, with its head office in London,
England.   It transacts fire, marine, accident, life, and other classes
of insurance throughout the world.   During the year 1930, and for
many years prior thereto and since, it carried on a fire and marine
insurance business in the United States, its principal office in this
country being in Hartford, Connecticut.

Four issues are presented for decision of the Board.

1. The first issue is whether the Commissioner erred in excluding
tax-exempt interest and dividends from domestic corporations in the
sum of $383,456 from gross income from sources within the United

States in ascertaining the proper ratio for determining the portion of home office taxes and expenses applicable to the United States income, which may be allowed as deductions. It is stipulated that such interest amounts to $68,617 and such dividends amount to $314,839, a total of $383,456.

It is not disputed that foreign insurance companies transacting in the United States the business of fire and marine insurance are entitled to take as deductions from their gross income from sources within the United States ratable parts of their expenses at their head offices and income taxes paid there attributable to their income from sources within the United States.

Based on the stipulation of the parties, the following illustrates by comparison the method of computation used by each in arriving at the ratios claimed by the petitioner and those allowed by the respondent:

|  | Petitioner's basis | | Respondent's basis | |
|---|---|---|---|---|
|  | Head office expenses, 1930 | Head office taxes, 1930 | Head office expenses, 1930 | Head office taxes, 1930 |
| Total gross income | $13,898,936.00 | $21,171,631.00 | $13,898,936.00 | $21,171,631.00 |
| U. S. gross income | 3,965,406.20 | 3,965,406.20 | 3,581,950.20 | 3,581,950.20 |
| Ratio | 28.5302% | 18.7298% | 25.7714% | 16.91863% |

The net income of every insurance company, other than life or mutual companies, is subject to tax under the provisions of the Revenue Act of 1928. The petitioner is subject to tax imposed by said act. The pertinent provisions of the Revenue Act of 1928 are as follows:

SEC. 204. INSURANCE COMPANIES OTHER THAN LIFE OR MUTUAL.

(a) *Imposition of tax.*—In lieu of the tax imposed by section 13 of this title, there shall be levied, collected, and paid for each taxable year upon the net income of every insurance company (other than a life or mutual insurance company) a tax as follows:

\* \* \* \* \* \* \*

(2) In the case of such a foreign insurance company, 12 per centum of its net income from sources within the United States.

(b) *Definition of income, etc.*—In the case of an insurance company subject to the tax imposed by this section—

(1) GROSS INCOME.—"Gross income" means the sum of (A) the combined gross amount earned during the taxable year, from investment income and from underwriting income as provided in this subsection, computed on the basis of the underwriting and investment exhibit of the annual statement approved by the National Convention of Insurance Commissioners, and (B) gain during the taxable year from the sale or other disposition of property;

(2) NET INCOME.—"Net income" means the gross income as defined in paragraph (1) of this subsection less the deductions allowed by subsection (c) of this section.

(3) INVESTMENT INCOME.—"Investment income" means the gross amount of income earned during the taxable year from interest, dividends, and rents, computed as follows:

\*    \*    \*    \*    \*    \*    \*

(c) *Deductions allowed.*—In computing the net income of an insurance company subject to the tax imposed by this section there shall be allowed as deductions:

(1) All ordinary and necessary expenses incurred, as provided in section 23 (a) ;

\*    \*    \*    \*    \*    \*    \*

(3) Taxes as provided in section 23 (c) ;

\*    \*    \*    \*    \*    \*    \*

(7) The amount received as dividends from corporations as provided in section 23 (p) ;

(8) The amount of interest earned during the taxable year which under section 22 (b) (4) is exempt from taxation under this title, and the amount of interest allowed as a credit under section 26;

\*    \*    \*    \*    \*    \*    \*

(d) *Deductions of foreign corporations.*—In the case of a foreign corporation the deductions allowed in this section shall be allowed to the extent provided in Supplement I.

(e) *Double deductions.*—Nothing in this section shall be construed to permit the same item to be twice deducted.

\*    \*    \*    \*    \*    \*    \*

SEC. 207. COMPUTATION OF GROSS INCOME.

The gross income of insurance companies subject to the tax imposed by section 201 or 204 shall not be determined in the manner provided in section 119.

\*    \*    \*    \*    \*    \*    \*

SUPPLEMENT I—FOREIGN CORPORATIONS

SEC. 231. GROSS INCOME.

(a) *General rule.*—In the case of a foreign corporation gross income includes only the gross income from sources within the United States.

\*    \*    \*    \*    \*    \*    \*

SEC. 232. DEDUCTIONS.

In the case of a foreign corporation the deductions shall be allowed only if and to the extent that they are connected with income from sources within the United States; and the proper apportionment and allocation of the deductions with respect to sources within and without the United States shall be determined as provided in section 119, under rules and regulations prescribed by the Commissioner with the approval of the Secretary.

\*    \*    \*    \*    \*    \*    \*

SEC. 237. FOREIGN INSURANCE COMPANIES.

For special provisions relating to foreign insurance companies, see Supplement G. [Sec. 204 is in Supplement G.]

That part of section 119, above referred to, which relates to apportionment and allocation of deductions is contained in subsection (e), which provides:

\* \* \* Where items of gross income are separately allocated to sources within the United States, there shall be deducted (for the purpose of computing the net income therefrom) the expenses, losses and other deductions properly apportioned or allocated thereto and a ratable part of other expenses, losses or other deductions which cannot definitely be allocated to some item or class of gross income. \* \* \*

Considering the provisions of the Revenue Act of 1928 with reference to foreign corporations engaged in fire and marine insurance within the United States, it clearly appears: First, that foreign corporations are subject to tax only on income from sources within the United States; second, that deductions are allowed only if and to the *extent* that they are connected with income from sources within the United States; third, that in the case of deductions which can not be matched against some particular item or class of income, a ratable part only is to be allocated to items of income from United States sources; and, fourth, that the same item shall not be twice deducted.

When these provisions are applied to the instant case we find this situation: The petitioner has investment income from sources in the United States in the form of dividends received from domestic corporations (exempt under section 23 (p)) and interest (exempt under section 22 (b) (4)); both of these items are allowed as deductions under section 204 (c) (7) and (8), but since the petitioner is a foreign insurance company these items must be matched against the particular items of gross income to which they relate, which, of course, is the identical item included in gross income. The effect of these two provisions is to exempt from United States income tax certain dividends and certain interest. The taxes paid to Great Britain by the petitioner on its income were measured by its income from all sources, which included both taxable income from United States sources, as well as tax-exempt income from United States sources and income from sources other than the United States. The United States statute, as we construe it, allows as a deduction in computing net income subject to tax only so much of the British taxes paid by the foreign insurance company as is properly allocable to the taxable gross income from sources in the United States. The same thing is true with respect to the home office expenses. Cf. *Waldorf Astor*, 31 B. T. A. 1009.

The Commissioner has not prescribed any regulations with respect to the method by which a foreign insurance company shall determine the ratable portion of the expenses and other deductions which is to be allocated to United States gross income. Section 207 provides that the gross income of insurance companies subject to the tax imposed by section 201 or 204 shall not be determined in the manner provided in section 119; and the only regulations which

the Commissioner has prescribed with respect to apportionment of deductions relates to the method of apportioning deductions to the items of income determined under the provisions of section 119. See art. 680, Regulations 74.

The method here followed by the respondent in determining what portion of the British taxes and home office expenses are allowable deductions results in allowing to the petitioner the ratable portion of the British taxes and the home office expenses allocable to taxable gross income from sources within the United States. To allow any greater portion of the home office expenses and British taxes would be in effect allowing the same item to be deducted twice, which is prohibited by section 204 (e).

The Commissioner, looking at the statute as a whole and the objects and policy as indicated by its various provisions, has, in our opinion, given the statute such construction as will carry into execution the will of Congress with respect to the allowance of deductions to a foreign insurance company. We approve the Commissioner's determination on this issue.

2. The second issue is whether the income tax which the petitioner paid to Great Britain and deducted from dividends to its shareholders is, under our Revenue Act of 1928, an allowable deduction from its gross income, as claimed by the petitioner, or is a tax paid or borne by the recipients of the dividends, as the respondent contends.

In *Welch* v. *St. Helens Petroleum Co., Ltd.*, and three other cases, 78 Fed. (2d) 631, involving the precise question we are discussing. the court said:

These actions were brought by the taxpayers, St. Helens Petroleum Company, Limited, a British Corporation, and the Kern River Oilfields of California, Limited, a British corporation, to recover money paid for excess profit taxes and income taxes upon incomes accruing to the taxpayers derived from oil wells in California. The primary question involved is whether or not the amounts of taxes paid upon their incomes to the British government under the British law imposing such taxes are to be deducted from the gross incomes of the companies derived from their oil wells in California in the proportion fixed by the law of the United States in ascertaining the net incomes upon which the excess profit taxes and the income taxes are to be determined. The Commissioner of Internal Revenue, in fixing the amounts of taxes to be paid by the taxpayers, made no deduction for the taxes paid to the British government.

\*       \*       \*       \*       \*       \*       \*

We conclude that in determining the net incomes taxable to the appellee corporations that the law required the deduction of the taxes they had paid to the British government upon income from sources within the United States.

This conclusion would result in a corresponding reduction in the amounts of income taxes payable by the taxpayers. Consequently, the decisions in cases

Nos. 7491, 7492, and 7489 should be affirmed. [Said numbered cases refer to the *Kern River Oilfields of California, Ltd., supra.*]

See also *Mary Duke Biddle*, 33 B. T. A. 127, in which we have to some extent discussed the British income tax statutes.

In the light of the above cases and the authorities therein cited, we are of the opinion and hold in favor of the petitioner with respect to this, the second, issue. It is accordingly entitled to the deductions claimed and as stipulated by the parties in the event our determination on said issue should be in its favor.

3. The third issue is whether or not the respondent erred in disallowing as a deductible loss to petitioner the sum of $52,790, being the difference between the cost, $162,290, to the petitioner of 500 shares of stock of the London & Lancashire Indemnity Co. of America and the price, $109,500, at which it was sold in the United States in 1930 to the Orient Insurance Co., both companies being domestic insurance companies with more than 95 percent of the stock of each owned by petitioner at the date of said sale.

Since the petitioner is a foreign corporation and its subsidiaries, the London & Lancashire Indemnity Co. of America and the Orient Insurance Co. (to which latter company the stock in question was sold by the petitioner) are both domestic corporations, the three companies do not constitute an "affiliated group" and a consolidated return for the taxable year 1930 for all said companies was not permissible and separate returns for each were filed. See *Commissioner* v. *Manus-Muller & Co.*, 79 Fed. (2d) 19; certiorari denied, 296 U. S. 657; *Commissioner* v. *Silk Center Building, Inc.*, 82 Fed. (2d) 20.

Had the petitioner been a domestic corporation and filed a consolidated return, the sale, in our opinion, would have been an intercompany transaction from which no deductible loss would have resulted.

Does the fact that the petitioner is a foreign corporation and filed a separate return as the law required, there being no affiliation, entitle it to take as a deductible loss the aforesaid sum of $52,790? It is stipulated that there was no open market transaction involving the purchase or sale of shares of the London & Lancashire Indemnity Co. of America in 1930 or prior thereto and that the petitioner, as of the date of such sale, owned 9,955 shares of the 10,000 shares of capital stock of the Orient Insurance Co. then outstanding. Under the circumstances and conditions described and in view of the principles enunciated and applied in *Founders General Corporation* v. *Commissioner*, 79 Fed. (2d) 6, and *A. S. Eldridge*, 30 B. T. A. 1322; affd., 79 Fed. (2d) 629, we are of the opinion and hold that the petitioner did sustain a loss by reason of said stock sale or

transaction. We, therefore, determine this issue in favor of the petitioner.

4. The fourth issue is whether interest received by the petitioner during the year 1930 on refunds of Federal income taxes constitutes taxable income from sources within the United States. The respondent included in petitioner's taxable income for 1930 the amount of $4,178.60, representing interest received by the petitioner on a refund of Federal income taxes. This issue has recently been decided by the United States Supreme Court in favor of the respondent's contention and determination. See *Helvering* v. *Stockholms Enskilda Bank*, 293 U. S. 84; *British-American Tobacco Co., Ltd.* v. *Helvering*, 293 U. S. 95; *Oceanic Steam Navigation Co., Ltd.*, 31 B. T. A. 781. We determine this issue in favor of the respondent.

Reviewed by the Board.

*Decision will be entered under Rule 50.*