ROYAL INSURANCE COMPANY, LIMITED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83632.   Promulgated October 20, 1938.

*William H. Hotchkiss, Esq.*, and *John S. Breckenridge, Esq.*, for the petitioner.

*P. M. Clark, Esq.*, and *S. B. Pierson, Esq.*, for the respondent.

### OPINION.

LEECH: This proceeding seeks redetermination of a deficiency in income tax of $54,551.90 for the calendar year, 1931. The petitioner denies the existence of a deficiency and asserts an overassessment of taxes for that year in the amount of $11,150.79.

There are three issues of law presented. The facts are not in dispute. For convenience, the issues will be decided in order and the facts, pertaining to each, set out thereunder.

*Issue No. 1.*

The question in this issue is the deductibility of a loss of $630,-893.26, sustained by petitioner, in 1931, on the sale of certain investment securities. The petitioner is a British corporation, its home office is in England, and it is engaged in the business of writing various types of insurance throughout the world. It operates a branch office in the United States, through which it transacts here only a fire and marine insurance business. This branch office derives income from sources within the United States from premiums on insurance, usually termed underwriting income, from the proceeds of sales of securities, from interest on bank balances and from dividends on domestic securities.

During 1928 and 1929, this branch office transferred, on its books, to the home office, certain amounts consisting of earnings from the transaction of business in this country. The funds, represented by these book transactions, were not physically transferred to the home office but were deposited with J. P. Morgan & Co. in this country, subject to the control of one F. B. Kellam, general attorney for petitioner, who was in charge, for petitioner, of its United States branch. These funds, in the amount of $1,010,000, were used for the purchase of stock in the Allied Securities Corporation, an American company. The stock, thus purchased, was held in this country and the investment recorded on the books of the American branch as a home office item. Subsequently, the Allied Securities Corporation went into receivership and was liquidated. In 1931, the petitioner received a distribution, in full, of $379,106.74, and thus sustained a loss of $630,893.26, the amount of which is not disputed by respondent.

Petitioner contends that it is entitled to deduct the full amount of this loss from its income from sources within the United States, during the taxable year, in determining net income subject to tax by this country. Respondent argues that this loss is not directly connected with income from sources within or without the United States and, accordingly, is to be apportioned under article 680 of Regulations 74. He then urges that petitioner is entitled to deduct only such portion as is allocable to United States income upon the basis of the ratio of that income to the gross income of the company from all sources.

It is respondent's position that, since the funds used in the purchase of these securities have been segregated from those used in the operation of the American branch and have been transferred by book entry to the home office of the company, the securities purchased with such funds constituted an investment by petitioner's home office, not connected in any way with its business in this country and is, therefore, not "connected with income from sources within the United States"

in the sense in which that term is used in section 232 of the Revenue Act of 1928.[1]

Petitioner answers that the contested loss was definitely connected with income from sources within the United States because it was an investment in a United States corporation of funds derived from the operation of petitioner's business in this country and that the investment was made with the purpose of deriving income from United States sources through anticipated dividends therefrom or profit upon resale of such stock. It points to the fact that it can not be denied that the investment was for profit and that any profit would be taxable since it arose from sources within the United States. Consequently, it is said, any loss sustained is connected with income from such sources.

Section 204 of the Revenue Act of 1928 defines gross income of an insurance company, other than life or mutual, as the amount earned during the taxable year from investment income, from underwriting income, and from the sale or other disposition of property. It provides for the computation of net income by the deduction of ordinary and necessary expenses, taxes, losses sustained during the taxable year in the sale or the disposition of property, dividends, as provided in section 23 (p), and interest exempt from taxation under section 22 (b) (4). By subsection (d) the deductions of foreign corporations of this character are allowed to the extent provided in Supplement I, section 232 of which is quoted in footnote.

If the loss sustained by this petitioner upon its investment in stock of the Allied Securities Corporation was connected with income from sources within the United States, it is, unquestionably, allowable as a deduction, in its full amount, from income from such source in determining net taxable income.

Obviously, this investment did not produce income outside the United States. *A fortiori*, the loss sustained was not connected with income from outside the United States. We think the loss must be considered as connected with income "from sources within the United States."

The investment, from which the loss occurred, was made for the purpose of deriving income from United States sources. Any income resulting from this investment, whether in dividends or in profit from resale of the securities purchased, would constitute gross income from such source. *Carding Gill Ltd.*, 38 B. T. A. 669.

---

[1] SEC. 232. DEDUCTIONS.

In the case of a foreign corporation the deductions shall be allowed only if and to the extent that they are connected with income from sources within the United States; and the proper apportionment and allocation of the deductions with respect to sources within and without the United States shall be determined as provided in section 119, under rules and regulations prescribed by the Commissioner with the approval of the Secretary.

Respondent's theory appears to be that this petitioner must be considered as a dual character, one personality consisting of the home office and the other, the American branch; that only the activities specifically allocated to the latter, constituted business carried on in the United States; that deductions for losses were intended by Congress to be allowed only when connected with the business carried on by the American branch; that any investment transferred on the books as a home office item, irrespective of the fact that it is an investment in American securities, profits from which are taxable as arising from sources within the United States, is not to be considered as an investment in connection with income from such sources, and that a loss sustained upon such investment, is a "home office loss", not connected with the business of the petitioner corporation in this country.

We do not agree with this theory. Cf. *London & Lancashire Insurance Co., Ltd.* (3d point), 34 B. T. A. 295; *Texas Land & Mortgage Co., Ltd.*, 30 B. T. A. 861. The so-called American office of petitioner is a part of its general business. It is merely the agency through which it transacts its business of writing fire and marine insurance in this country. Such business, together with the investments made in American securities by the petitioner, constitute the aggregate of its American transactions carried out here with the purpose of deriving income from sources within this country.

The statutory restriction upon foreign corporations, limiting the deduction of losses to those in connection with income from sources within the United States, and the legislative history of such provision, do not seem to indicate an intent to restrict the deduction of petitioner's losses, as respondent contends. The statutory provisions here involved have been included in the Revenue Acts from that of 1918 to and including the Revenue Act of 1928.[2] The respondent calls attention to the statement on page 8 of the Report of the Senate Finance Committee filed in connection with the Revenue Act of 1918, reading as follows:

In the case of nonresident alien individuals and foreign corporations, expenses, losses, debts, depreciation, amortization, and depletion are, under the language of the House bill, allowed only to the extent that they are connected with a trade or business carried on within the United States, and the depreciation, amortization, and depletion deductions are allowed only with respect to property within the United States. In many cases, however, property outside of the United States is directly concerned in the production of income taxable in the United States. Accordingly, the limitation with respect to nonresident aliens and foreign corporations has been modified so that the specified deductions shall be allowed to the extent that they are connected with income arising from a source within the United States (sec. 214 (b) and sec. 234 (b)).

---

[2] Revenue Acts of 1918, 1921, 1924, and 1926, sec. 234 (b).

It is argued that this statement evidences a legislative intent that the modification is meant to apply only to depreciation, amortization, and depletion deductions with respect to property, outside the United States, which is directly connected with the production of taxable income in the United States. A careful reading of the quoted statement convinces us that the intent there disclosed is quite the opposite. The House bill limited such deductions, including losses, to those "connected with a trade or business carried on within the United States." The bill, as amended, changed the allowances, including losses, to those "connected with income arising from a source within the United States." The argument that this language indicates an intent to restrict the modification merely to allowances for depreciation, amortization, and depletion is, we think, without merit.

The petitioner is sustained on this issue.

*Issue No. 2.*

The facts are all stipulated. Petitioner paid its taxes imposed upon dividends distributed, under the British income tax law. It contends that such taxes were imposed upon it and not upon the shareholder, and were therefore deductible from its gross income.

This question was decided by the Board in *London & Lancashire Insurance Co., Ltd., supra.* We held there that since taxes of this character were imposed upon the corporation and not upon the stockholder, they were deductible by the corporation. Subsequently, in *Biddle* v. *Commissioner*, 302 U. S. 573, the Supreme Court denied a stockholder a credit for such a tax paid by the corporation under those conditions, because such tax was imposed upon the corporation and not the stockholder. This decision concludes respondent here.

*Issue No. 3.*

In computing the amount of unallocable expenses and taxes of petitioner, to the deduction of which it is here entitled, the respondent used a ratio of gross income from sources within the United States, excluding therefrom tax-exempt interest and dividends from such sources, against gross income from all sources, including therein tax-exempt income and dividends from sources within the United States. Our only inquiry is whether this was the proper ratio.

The provisions of section 232 of the controlling revenue act appear in footnote No. 1, *supra.*

The pertinent part of section 119, referred to in that section, is:

* * * Where items of gross income are separately allocated to sources within the United States, there shall be deducted (for the purpose of computing the net income therefrom) the expenses, losses and other deductions properly apportioned or allocated thereto and a ratable part of other ex-

penses, losses or other deductions which can not definitely be allocated to some item or class of gross income. \* \* \*

Petitioner contends that tax-exempt interest and dividends should either be included in both the gross income of petitioner from all sources and its gross income from sources within the United States, used in this ratio, or should be excluded from both. Otherwise, it is argued, the resulting allocation of deductible unallocable expenses and taxes is distorted.

The identical question here was decided adversely to petitioner in *London & Lancashire Insurance Co., Ltd., supra*, on the ground that any other conclusion would have violated section 204 (e),[3] by permitting, in effect, a double deduction of tax-exempt interest and dividends. We sustain the respondent on this issue upon the authority of that case.

*Decision will be entered under Rule 50.*

---

[3] SEC. 204. INSURANCE COMPANIES OTHER THAN LIFE OR MUTUAL.

\*        \*        \*        \*        \*        \*        \*

(e) *Double deductions.*—Nothing in this section shall be construed to permit the same item to be twice deducted.