STOCKHOLMS ENSKILDA BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87351. Promulgated June 15, 1939.

*Russell W. Jackson, Esq., Truman Henson, Esq.,* and *Robert E. Lawther, Esq.,* for the petitioner.

*G. R. Sherriff, Esq.,* for the respondent.

OPINION.

LEECH: This is a proceeding to redetermine a deficiency in income tax of $13,600.74 for the calendar year 1933. An additional deficiency

in excess profits tax for the same period in the amount of $4,945.72 has been stipulated not to exist. Petitioner also requests a finding that it has overpaid its tax for 1933, in an amount of $2,809.31.

The issue presented is whether petitioner, a foreign corporation, may deduct losses, sustained by the sale in this country of foreign and domestic securities, from its gross income arising from sources within the United States.

The facts, which are set out in the course of this opinion, were stipulated.

Petitioner is a foreign corporation, organized and existing under the laws of the Kingdom of Sweden, with its principal office in Stockholm, Sweden. It has no place of business in this country, nor does it carry on any business here. During 1933, it received $20,431.35, consisting of interest on bonds, notes, and other interest-bearing obligations of residents of the United States. In that year it sold, in this country, through independent brokers, the following securities, for the prices shown below. The cost basis of each is also indicated.

| Security | Cost | Selling price |
|---|---|---|
| German Central Bank for Agriculture, 6 percent bonds, held more than two years | $194,810.00 | $94,082.50 |
| Kingdom of Denmark, 6 percent bonds | 59,261.47 | 55,120.00 |
| United States Steel Corporation, 7 percent cumulative preferred stock | 190,660.00 | 268,342.50 |
| Kingdom of Sweden, 5½ percent bonds | 718,431.25 | 720,253.75 |

As a result of the above transactions, petitioner sustained a net loss of $25,363.97, which it took as a deduction in its 1933 return. The item of $20,431.35, interest, previously mentioned, was also included in the return and, on such interest, an income tax of $2,809.31 was withheld and paid for petitioner at the source. Petitioner has filed a claim for refund of this amount.

Respondent disallowed the deduction of the losses sustained from the sales of securities on the ground that the losses were not connected with income from sources within the United States, within the meaning of section 232 of the Revenue Act of 1932. In his brief he advances the additional ground that petitioner was not doing business in this country. He has also included in petitioner's income from United States sources, the sum of $77,682.50, representing the profit on the sale of United States Steel Corporation preferred stock referred to above.

Section 231 (a) of the Revenue Act of 1932 provides that in the case of a foreign corporation gross income includes only the gross income from sources within the United States; and section 119, in enumerating the items to be included in such gross income, mentions

income from the sale of personal property only in subsection (e), which reads as follows:

SEC. 119. INCOME FROM SOURCES WITHIN UNITED STATES.

\* \* \* \* \* \* \*

(e) INCOME FROM SOURCES PARTLY WITHIN AND PARTLY WITHOUT UNITED STATES. \* \* \*

(2) \* \* \* Gains, profits and income derived from the purchase of personal property within and its sale without the United States or from the purchase of personal property without and its sale within the United States, shall be treated as derived entirely from sources within the country in which sold. \* \* \*

Section 232, so far as here material, provides that "In the case of a foreign corporation the deductions shall be allowed only if and to the extent that they are connected with income from sources within the United States \* \* \*." Respondent argues that the only way in which petitioner could have had the benefit of this section would be to have used the proceeds of the sale of one security for the purchase of another. We do not think that contention is sound. Both income and the loss which is sought to be deducted were realized by the act of selling each security. That income was in United States dollars and cents and, since the sales took place in the United States, the source of income was the United States. Sec. 119 (e), *supra; Carding Gill, Ltd.*, 38 B. T. A. 669.

The case is controlled, in our opinion, by *Royal Insurance Co., Ltd.*, 38 B. T. A. 955, in which we held that a loss sustained by a foreign insurance company upon the liquidation of certain American securities was so connected with income within section 232 of the 1928 Act (identical with the section here controlling) as to be deductible by that company. We there said:

The investment, from which the loss occurred, was made for the purpose of deriving income from United States sources. Any income resulting from this investment, whether in dividends or in profit from resale of the securities purchased, would constitute gross income from such source. \* \* \*

It is not of any consequence that three of the securities here sold were foreign. They were sold for the purpose of deriving income from United States sources—income produced by the sale or conversion of a capital asset. *Doyle* v. *Mitchell Brothers Co.*, 247 U. S. 179. The report of the Senate Finance Committee for the Revenue Act of 1918, filed in connection with the previous and identical counterpart of section 232, shows that Congress intended no differentiation as between foreign and domestic securities:

In the case of nonresident alien individuals and foreign corporations, expenses, losses, debts, depreciation, amortization, and depletion are, under the language of the House bill, allowed only to the extent that they are connected with a

trade or business carried on within the United States, and the depreciation, amortization, and depletion deductions are allowed only with respect to property within the United States. *In many cases, however, property outside of the United States is directly concerned in the production of income taxable in the United States.* Accordingly, the limitation with respect to nonresident aliens and foreign corporations has been modified so that the specified deductions shall be allowed to the extent that they are connected with income arising from a source within the United States (sec. 214 (b) and sec. 234 (b)). [Emphasis supplied.]

That petitioner maintained no business office and was not engaged in business here likewise makes no difference. The case of *Anglo-American Direct Tea Trading Co., Ltd.*, 38 B. T. A. 711, implicitly disposes of this point. (See section 232, *supra.*) There the petitioner was a Scotch holding company doing no business here and having no office in this country. Its gross income from United States sources consisted wholly of dividends received from its American subsidiary. These dividends it was allowed to deduct because they came from a domestic corporation subject to tax.

Finally, the legislative history of section 232 indicates that the prototype of that section, as originally drafted, allowed losses only in so far as connected with a trade or business carried on within the United States, and that this was changed to the present form precisely because property outside the United States is often directly concerned in the production of income here. See *Royal Insurance Co., Ltd., supra.*

Since incomes are taxed on an annual basis, the four transactions here involved can not be split up and the taxable effect of each considered separately. *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359; *Heiner* v. *Mellon*, 304 U. S. 271. The net loss which petitioner sustained on the four transactions, considered as a whole, is deductible from its gross income from United States sources. It is found that there was an overpayment of tax in the amount of $2,809.31.

*Decision will be entered under Rule 50.*