THIRD SCOTTISH AMERICAN TRUST
CO., Ltd., v. UNITED STATES.

No. 44071.

Court of Claims.

March 3, 1941.

Ralph P. Wanlass, of Washington, D. C.
(Walter G. Moyle and Earl B. Breeding,
both of Washington, D. C., on the brief),
for plaintiff.

J. W. Hussey, of Washington, D. C., and
Samuel O. Clark, Jr., Asst. Atty. Gen.
(Robert N. Anderson and Fred K. Dyar,
both of Washington, D. C., on the brief),
for defendant.

Before WHALEY, Chief Justice, LIT-
TLETON, WHITAKER, JONES, and
MADDEN, Judges.

WHITAKER, Judge.

I. The plaintiff is a foreign corpora-
tion chartered under the laws of Great Brit-
ain. During the year 1933 it derived income
from sources within the United States con

sisting of interest and dividends. It seeks to deduct from such gross income a "ratable part" of its home office expenses, interest and British income taxes. The first question presented is the proper method of determining this "ratable part."

The plaintiff says that this ratable part is the ratio between all of its gross income in the United States, including dividends, and its total gross income from all sources. The defendant says that the ratable part is the ratio between plaintiff's income from sources within the United States, exclusive of dividends, and its total income from all sources—in the latter of which, strangely enough, it includes the same dividends which it excludes in determining income from sources within the United States.

Section 119(b) of the Revenue Act of 1932, 47 Stat. 209, 26 U.S.C.A. Int.Rev. Acts, page 527, is the basic section to be considered. It reads: "(b) Net Income from Sources in United States. From the items of gross income specified in subsection (a) of this section there shall be deducted the expenses, losses, and other deductions properly apportioned or allocated thereto and a ratable part of any expenses, losses, or other deductions which cannot definitely be allocated to some item or class of gross income. The remainder, if any, shall be included in full as net income from sources within the United States.

The items of gross income specified in subsection (a) are items to be included in determining "income from sources within the United States." From these items subsection (b) permits the deduction of expenses, etc., "properly apportioned or allocated thereto"; that is to say, expenses incurred in the earning of the income specified. Further, it was recognized that the taxpayer would incur expenses attributable to the earning of both its United States and its other income, and that it would not be possible to say with any degree of accuracy just how much of it was incurred in the earning of United States income and how much in the earning of other income. So, in such case it was provided that the taxpayer might deduct a "ratable part" thereof. This meant, of course, such part as the ratio of its gross income from United States sources bore to its total gross income. All that it is necessary for us to do, therefore, to decide the issue between the parties is to look to the Act to see if dividends are included in what the statute defines as gross income from sources within the United States. We find they are specifically included.

But the defendant says Congress could not have intended to include dividends because they are not subject to the tax. Be that as it may, Congress nevertheless explicitly did include them. The Act says: "The following items of gross income shall be treated as income from sources within the United States." It first lists interest, and then dividends from two classes of corporations—and it is conceded the corporations from which these dividends were received come within one of the classes named—and then other items with which we are not concerned.

■■ This being true, we have no option but to apply the Act as it is written. If Congress failed to provide for a contingency for which it should have provided, the courts are powerless to supply the omission. If the statute is plain and unambiguous, it must be enforced as written, although the result be illogical.

In support of its position the defendant cites London and Lancashire Ins. Co., Ltd. v. Commissioner, 34 B.T.A. 295. The question there was the same as the question here, but it arose not under the sections of the Act we have under consideration, but under those sections applicable to insurance companies. Section 204(a) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev. Acts, page 412, included dividends within an insurance company's gross income, but subsection (c) permitted the deduction of "the amount received as dividends from corporations as provided in section 23(p)." There is no such provision in section 119 (b) of the Revenue Act of 1932; nor was there any such provision in section 119(b) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 391. Furthermore, subsection (e) of section 204 of the Revenue Act of 1928 provided that "Nothing in this section shall be construed to permit the same item to be twice deducted," and the Board expressly rested its decision on this subsection, holding that to permit dividends to be taken into consideration in determining the ratable part of expenses, etc., to be deducted would be tantamount to permitting them to be deducted twice. This subsection relates alone to insurance companies and has no application to a taxpayer of the character of plaintiff in the case at bar.

The language of the sections before us is so explicit that we have no option but to

hold that in determining the ratable part of the deductions to which plaintiff is entitled, we must take that part of them which plaintiff's total gross income from sources within the United States, including dividends, bears to its total income from all sources.

II. The defendant in its brief says that the plaintiff has not shown that the following claimed deductions "are connected with income from sources within the United States," to wit: (1) home office general expenses; (2) British income tax; (3) interest paid to debenture holders and debenture stockholders.

1. It is no doubt true that the general expenses of the home office were incurred primarily in the carrying on of the business of the company outside of the United States, but it cannot be said that some part of these expenses were not spent in connection with the making and supervision of the plaintiff's investments in this country, from which it received interest and dividends. Just what part was spent in connection with United States investments it is impossible to say. This contingency was recognized by Congress when provision was made for the deduction of a "ratable part of any expenses, losses, or other deductions which can not definitely be allocated to some item or class of gross income." The plaintiff is entitled to this deduction.

2. The defendant concedes that the British income tax was levied on the plaintiff's entire income, including its income from sources within the United States. It is, therefore, manifestly proper that a ratable part of these taxes should be deducted from United States income in determining the tax to be paid the defendant.

3. The defendant concedes in its brief that the interest paid the debenture holders and debenture stockholders were interest payments, rather than distributions in the nature of dividends. We have carefully examined the debenture certificates and the debenture stock certificates and the instrument securing them. We have no doubt that the payments made on the debenture certificates were interest, but the nature of the payments on the debenture stock certificates is not so easy to determine. After careful consideration, however, and upon the authority of the cases cited on this point in the plaintiff's excellent brief, we hold that the returns on the debenture stock were also interest and not dividends.

In so holding we are influenced primarily by the fact that interest on these certificates was payable irrespective of the sufficiency of the earnings or of the surplus of the company, and also by the fact that both the principal and interest due on these certificates were entitled to share in the assets of the company on liquidation pari passu with unsecured creditors. It is true that the holders of these certificates could not demand a return of the principal so long as the company was not in default in the payment of interest and so long as it complied with the other conditions of the indenture securing them; but this alone is not sufficient to characterize the transaction as a purchase of shares in the company rather than a loan of money to it. The holder risked neither his capital nor the return thereon on the fortunes of the company. His return was payable whether the company made profits or not, and he secured the return of his principal on a parity with other unsecured creditors of the company. Such are the characteristics of a loan to the company, rather than of a purchase of a proprietary interest in it. See in particular the opinion of the 4th Circuit Court of Appeals in Helvering v. Richmond, Fredericksburg & Potomac Railroad Co., 90 F.2d 971; and also of the 2nd Circuit Court of Appeals in Commissioner v. O. P. P. Holding Corporation, 76 F.2d 11; and of the Chancery Division of the Supreme Court of Judicature of Great Britain in In re Bodman, L.R.(1891), 3 Ch. Div. 135.

Interest paid on borrowed money, of course, has a connection with all of the company's investments, including its investments in the United States, and, therefore, plaintiff is entitled to deduct a ratable part of this interest.

Entry of judgment will be delayed until the filing of a stipulation by the parties, or, in the absence of a stipulation, until the incoming of a report by a commissioner as to the correct amount due plaintiff, computed in accordance with this opinion. It is so ordered.

MADDEN, JONES, and LITTLETON, Judges, concur.

WHALEY, Chief Justice, concurs in the conclusion.