**COMMERCIAL UNION ASSUR. CO., Limited, v. COMMISSIONER OF INTERNAL REVENUE.**

**Nos. 244, 245.**

Circuit Court of Appeals, Second Circuit.

Aug. 20, 1945.

Edward S. Coons, Jr., of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and Bernard Chertcoff, Sp. Assts. to Atty. Gen., for respondent.

Before SWAN, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

Upon the taxpayer's previous petitions to review decisions of the Tax Court, 1 T.C. 1166, redetermining deficiencies in its income taxes for 1938 and 1939, we modified the decisions and held that the taxpayer was entitled to take credit for British taxes paid by it upon the net income of its American subsidiaries to the extent that those taxes were connected with so much of its income from sources within the United States as is not made tax-free by the credit provided in § 204(a) (2) (B) of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Acts, page 1090, and were "not in excess of the amount of the income with which they are so connected in any taxable period." Commercial Union Assurance Co. v. Commissioner, 2 Cir., 144 F.2d 994, 997. The taxpayer and the Commissioner were thereafter unable to agree upon the manner in which the credit should be computed, and each submitted computations to the Tax Court on what each believed to be the proper basis. Their results for 1938 were different though for 1939 they were the same. The Tax Court accepted the views of the Commissioner and determined the credits accordingly, but without writing an opinion, and the taxpayer has again petitioned for review.

In 1938 British taxes were paid by the petitioner on $789,952.91 of net income of its American subsidiaries and its dividend income from those subsidiaries was $522,881.-57. The Tax Court did not treat the entire 15% of this dividend income as income from sources within the United States with which the British taxes paid for that year were connected, but only that proportion of it which the dividends paid in the same taxable period bore to the net income. Thus, less than 15% of the dividends was allowed as a credit in that year, for the dividends were less than the net income. As the dividends paid by the subsidiaries in 1939 exceeded their net income for that year, however, the same method of calculation did not reduce the allowable credit below 15% of the dividends. The petition-

er contended in the Tax Court and contends here that the entire 15% of the dividends is allowable as a credit in each year.

We agree with the petitioner. If we were right previously in holding that any dividend income was from sources within the United States with which the British taxes were connected within the meaning of the statute, it follows logically that all the British taxes were so connected with all the dividends in the same taxable period. But after pointing out that the taxpayer could take no credit in a taxable year when there were no dividends, we said: "Even in those taxable periods in which it does receive dividends the 85% of them which is received by it free of American taxes because so much is allowable as a deduction could not be treated as income from sources within the United States with which these British taxes are connected for purposes of deduction. Our above construction of subsection (e) forbids that."

We then held that there could be no allowance of credit based on a percentage of the British taxes paid, since, "as the Tax Court points out, the statute makes no provision for allowing any deduction computed on percentages."

Then we said: "Yet this matter of percentage seems to be inherent in the applicable statutory provisions as a whole. In the years when the petitioner receives income from its investment in the stock of these American subsidiaries and also pays British taxes attributable to its ownership of that stock, those taxes inevitably are connected with that part of such income which is to be treated for tax purposes as income from sources within the United States. The latter is the percentage of those dividends on which it is taxable in the United States. Its British taxes so connected to income from sources within the United States may, in our opinion, be deducted to an amount not in excess of the amount of the income with which they are so connected in any taxable period."

That is to say, in the computation of credits the tax-free 85% of the dividends should be disregarded and the allowance made as though the remaining 15% had been the total amount of the dividends and there were no statute exempting any part of the taxpayer's dividend income from American taxation otherwise than by way of this credit.

Reversed and remanded.