## BROWN v. CIVIL AERONAUTICS AUTHORITY.

### No. 9523.

Circuit Court of Appeals, Ninth Circuit.

April 16, 1941.

Walter M. Rheinschild, of Hollywood, Cal. for petitioner.

L. Welch Pogue, Gen. Counsel, Civil Aeronautics Authority, S. G. Tipton, Asst. Gen. Coun., and Chas. C. Smith, Atty., Civil Aeronautics Authority, all of Washington, D. C., and Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., for respondent.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

On May 3, 1940, respondent, the Civil Aeronautics Authority, made the following order: "The Civil Aeronautics Authority, acting pursuant to the Civil Aeronautics Act of 1938,[1] particularly sections 205(a) and 609 thereof,[2] and finding that the interest of the public so requires, orders that commercial pilot certificate No. 5168, held by Theodore T. Brown of Beverly Hills, California, be suspended for the period of sixty days from the date hereof, and thereafter until he shall have demonstrated to the satisfaction of a designated representative of the Authority, through a written examination given in accordance with section 20.5 of the Civil Air Regulations, that he is thoroughly familiar with Parts 01 and 60 of the Civil Air Regulations and the local field traffic rules for Los Angeles Municipal Airport, Union Air Terminal, and Grand Central Air Terminal."

On May 17, 1940, Brown petitioned this court to review and set aside respondent's order.[3] He also moved for a supersedeas, but, as he had not yet taken the examination required by the order, his motion was on June 7, 1940, denied without prejudice. 9 Cir., 112 F.2d 737. Thereafter he took the examination, demonstrated to the satisfaction of respondent's designated representative that he was thoroughly familiar with the rules and regulations mentioned in the order, and on June 12, 1940, renewed his motion for a supersedeas. On June 17, 1940, we made the following order: "Upon consideration of the renewal by petitioner, filed June 12, 1940, of motion for supersedeas pending determination by this court of petition to review the order of the [re-

---

[1] Act of June 23, 1938, c. 601, 52 Stat. 973, 49 U.S.C.A. §§ 401–681.

[2] 49 U.S.C.A. §§ 425(a), 559.

[3] Civil Aeronautics Act of 1938, § 1006, 49 U.S.C.A. § 646.

spondent] herein, and good cause therefor appearing, it is ordered that the order of the respondent herein, dated May 3, 1940, suspending petitioner's pilot certificate No. 5168 be, and hereby is superseded pending determination of petition to review in this cause by this court."

Our order did not suspend the running of the sixty-day period mentioned in respondent's order, and could not have done so. For the period mentioned was not merely a period of sixty days; it was that certain period of sixty days which commenced May 3, 1940, and expired July 2, 1940—an expiration which no court order could postpone.

Although a copy of the petition for review was, upon filing, forthwith transmitted to respondent by the clerk of this court,[4] a transcript of the record upon which respondent's order was entered was not filed in this court until August 13, 1940. Meanwhile the petition for review had become moot. For, the sixty-day period having expired, respondent's order was no longer in effect and could never again be put into effect. Thus review of the order became and is unnecessary.

Petition dismissed.

[4] Civil Aeronautics Act of 1938, § 1006 (c), 49 U.S.C.A. § 646(c).