**NELSON, Chairman of War Production Board et al. v. B. SIMON HARDWARE CO. et al.**

**No. 8777.**

United States Court of Appeals District of Columbia.

Argued Oct. 10, 1944.

Decided Oct. 30, 1944.

See, also, 52 F.Supp. 474.

Mr. John Lord O'Brian, General Counsel, War Production Board, of Washington, D. C., with whom Assistant Attorney General, Tom C. Clark, was on the brief, for appellants.

Mr. Robert E. Sher, of Washington, D. C., with whom Messrs. Monroe Oppenheimer and William J. Dempsey, both of Washington, D. C., were on the brief, for appellees.

Before GRONER, Chief Justice and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

Appellee, Simon Hardware Company, formerly a corporation and now a partnership, is engaged in the general hardware business in the City of Oakland, California. On February 15, 1943, the War Production Board charged it with the violation of certain of the Board's rules and regulations, issued under authority of the Provisions of the Act of Congress of June 28, 1940, 54 Stat. 676, 50 U.S.C.A.Appendix § 1152(a) as amended by the Act of May 31, 1941, 55 Stat. 236, and as further amended by Title III of the Second War Powers Act, 56 Stat. 177, 50 U.S.C.A.Appendix § 633. Notice was served upon the Company and the matter was referred to the Board's Compliance Commissioner attached to the proper Regional Office for investigation, report and recommendation. There was a hearing at which witnesses appeared and testified for the Board and for accused, and on April 8, 1943, the Commissioner found and reported that the Company had wilfully violated Priorities Regulations Nos. 1 and 3 and Preference Order P–100, and was subject to administrative suspension. He recommended that the Company be thereafter prohibited, for a period of eighteen months, from selling, delivering, ordering, receiving, or otherwise dealing in certain wood-working and metal-working hand service tools, etc. As a result, the Board issued Suspension Order S–301, directing—not for eighteen months, but for the period of four months from May 28, 1943, to September 28, 1943—that the Company should neither buy, sell, nor otherwise deal in the particular hand-tools mentioned. From this order there was an appeal to the Board's Chief Compliance Commissioner, who affirmed the findings of the Regional Commissioner, but modified the Suspension Order to the extent of permitting appellee to purchase or sell tools not in excess of $15,000 per month during the suspension period, and extended that period from four months to six months. The order as then entered provided:

"This order shall take effect on August 1, 1943 and shall expire on January 31, 1944,

at which time the restrictions contained in this order shall be of no further effect."

From this order appellee brought suit on July 30, 1943, in the District Court to enjoin enforcement. A temporary restraining order issued, and at the conclusion of the hearing March 3, 1944, the District Court ruled that the order was invalid on the ground that it constituted the imposition of a "penalty", and from the permanent injunction issued in response to this finding this appeal was taken by the Board.[1]

██ On the argument here, the question turned on whether the Board's order is in fact a penalty, i. e., a means and method of punishment of an offender against its rules, as to which, it is conceded, there is no statutory authority, or whether, as the Board contends, it was merely the exercise by the Board of its admitted statutory power of allocation, as to which the punitive effect is merely incidental. But in the view we take of the case, it is not necessary, or indeed possible, to decide this question. As we have already stated, the final order of the Board, which it was the purpose and object of the proceeding begun in the court below to set aside and annul, provided by its own terms that it should take effect August 1, 1943, and expire January 31, 1944, "at which time the restrictions contained in this order shall be of no further effect." Since the date when the order ceased to be effective had passed when the District Court issued its injunction, and since also it is clear from its terms that the order is not a continuing order, it is obvious that there

was nothing in the case on which a judgment of the District Court could act. For reasons satisfactory to the Board it was made effective from a certain fixed and definite date to a certain later fixed and definite date, and to have no validity or effect beyond the later date. It was not and is not within the power of the trial court or this court to give force and effect to that which is no longer extant, as a result of which the case had become moot and must be treated accordingly. As the Supreme Court said in United States v. Alaska S. S. Co., 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808:

"However convenient it might be to have decided the question of the power of the Commission to require the carriers to comply with an order prescribing bills of lading, this court 'is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. * * *'"

██ In view of what we have said above, consideration of the correctness of the order of the District Court becomes both unnecessary and improper, and our duty is to remand the cause with direction to the District Court to set aside its previous order and dismiss the complaint as moot, without costs to either party. Cf Brown v. Civil Aeronautics Authority, 9 Cir., 119 F.2d 172, where, under conditions far less compelling, like action was taken.

Remanded with instructions as above.

[1] L. P. Steuart & Bro. v. Bowles, 322 U.S. 398, 404, 64 S.Ct. 1097, 1100.

"We agree that it is for Congress to prescribe the penalties for the laws which it writes. It would transcend both the judicial and the administrative function to make additions to those which Congress has placed behind a statute. United States v. Two Hundred Barrels of Whiskey, 95 U.S. 571, 24 L.Ed. 491; Campbell v. Ga-leno Chemical Co., 281 U.S. 599, 50 S.Ct. 412, 74 L.Ed. 1063; Wallace v. Cutten, supra [298 U.S. 229, 56 S.Ct. 753, 80 L. Ed. 1157]. Hence we would have no difficulty in agreeing with petitioner's contention if the issue were whether a suspension order could be used as a means of punishment of an offender. But that statement of the question is a distortion of the issue presented on this record."